1  David Borgen (SBN 99354)
   Jinny Kim (SBN 208953)
2  GOLDSTEIN, DEMCHAK, BALLER,
       BORGEN & DARDARIAN
3  300 Lakeside Drive, Suite 1000
4  Oakland, CA  94612
   Telephone:  (510) 763-9800
5  Facsimile:  (510) 835-1417

6  Burton Boltuch (SBN 70211)
7  LAW OFFICES OF BURTON F. BOLTUCH
   The 555 City Center Building
8  555 12th Street, Suite 1440
   Oakland, CA  94607-4046
9  Telephone:  (510) 844-3415
   Facsimile:  (510) 444-3401
10
11 Attorneys for Plaintiffs

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                 SAN FRANCISCO/OAKLAND DIVISION

16

17 KENNETH SEAMAN, individually and on behalf )    Case No.:  C07-03260-EMC
   of those similarly situated,                )
18                                             )    **COLLECTIVE ACTION**
                  Plaintiffs,                  )
19                                             )    **FIRST AMENDED COMPLAINT FOR**
   vs.                                         )    **DAMAGES; DEMAND FOR JURY TRIAL**
20                                             )
   UNUM GROUP and UNUM LIFE INSURANCE          )
21 COMPANY OF AMERICA,                         )
                                               )
22                Defendants.                  )
                                               )
23 ─────────────────────────────────────────────)

24

25

26

27

28

1    Plaintiff Kenneth Seaman hereby alleges as follows:

2                                    **I.    JURISDICTION**

3    1.    The United States District Court, Northern District of California, has jurisdiction over

4    the subject matter of claims raised in this action pursuant to 28 U.S.C. § 1331 because anchoring

5    claims arise under the laws of the United States, including, without limitation, the Fair Labor Standards

6    Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq*.

7    2.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state

8    law wage and hour law claims because those claims derive from a common nucleus of operative fact.

9    3.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201

10    and 2202.

11    4.    The Northern District of California has personal jurisdiction over Defendants Unum

12    Group ("Unum") and Unum Life Insurance Company of America ("Unum Life Insurance") (Unum and

13    Unum Life Insurance are sometimes hereinafter referred to as "Defendants") because both are qualified

14    with the California Secretary of State to do business and both are doing business in California, and in

15    this District, and because many of the acts complained of occurred in this State and this District and

16    gave rise to claims alleged.

17                                    **II.    VENUE**

18    5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial

19    part of the events giving rise to the claims occurred in the Northern District of California.  Among

20    other things, Defendants transact business in this District, maintain an office in Walnut Creek (Contra

21    Costa County) and employed Plaintiff and others in this District.  In addition, Defendants unlawfully

22    failed to pay overtime compensation to Plaintiff and other employees in the Northern District of

23    California.

24    6.    Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the San

25    Francisco/Oakland Division is proper because a substantial part of the events giving rise to claims

26    presented in this Complaint occurred in the City of Walnut Creek and the City of Danville, both of

27    which are in the County of Contra Costa.

28

### III.     <u>SUMMARY OF CLAIMS</u>

7.     During all time relevant herein, Plaintiff Kenneth Seaman was employed by Unum and/or Unum Life Insurance as a Field Representative with the primary duty of investigating disability claims.  As a Field Representative, Plaintiff provided support to other departments by meeting claimants, conducting interviews, and gathering facts and information.  Unum and/or Unum Life Insurance told Plaintiff whom to interview and gave Plaintiff detailed instructions about what information to obtain.  After gathering the requested information, Plaintiff compiled the details into a factual report.  Plaintiff was provided a specific template to follow in order to complete the reports.  Following the completion of the interviews, Plaintiff had no further contact with the claimants nor did he make a recommendation as to a claim's validity.

8.     Plaintiff was misclassified by Defendants as exempt from the overtime provisions of the FLSA and California's wage and hour laws, despite the fact that Plaintiff was not exempt and, at all times, was indeed entitled to overtime pay under the FLSA, 29 U.S.C. § 201, *et seq.* and under California Labor Code § 1194 and California Industrial Wage Commission ("I.W.C.") Wage Order No. 4-2001.  Plaintiff seeks injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Defendants, liquidated damages and other damages and penalties as permitted by applicable law, interest, attorneys' fees and costs.

9.     Since at least four years prior to the filing of the Complaint, Defendants also have had a consistent policy of permitting, encouraging, and/or requiring Plaintiff to work in excess of five (5) hours per day without providing an off-duty meal break of at least one half hour and to work in excess of ten (10) hours per day without taking a second off-duty meal break of at least one half hour, as required by California Labor Code §§ 226.7 and 512 and I.W.C. Wage Order No. 4-2001.  Plaintiff is owed an additional hour of pay at his regular rate for each day he did not take lawful meal periods.

10.     Since at least four years prior to the filing of the Complaint, Defendants have knowingly and intentionally failed to furnish timely itemized statements accurately showing total hours worked, the piece rate units earned and any applicable piece rate and/or all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, as required by California Labor Code § 226(a).  Plaintiff is owed fifty dollars ($50.00) for the initial pay period in

1   which Defendants failed to provide a proper statement under section 226(a) and one hundred dollars

2   ($100.00) for each subsequent pay period, up to a total of four thousand dollars ($4,000.00).

3          11.    Defendants have willfully failed to pay Plaintiff his vested vacation time in a prompt

4   and timely manner when Plaintiff retired from his employment, effective on or about May 31, 2007.

5   Plaintiff is owed damages for his vested and unused vacation time, plus interest, penalties, attorneys'

6   fees and costs under California Labor Code § 227.3.

7          12.    Defendants have also willfully failed to pay compensation owed (including unpaid

8   overtime) in a prompt and timely manner when Plaintiff retired from his employment.  Plaintiff is owed

9   statutory penalties under California Labor Code §§ 202 and 203.

10         13.    Plaintiff also seeks injunctive relief, specific enforcement of penalties and restitution of

11  all benefits Defendants have enjoyed from their failure to pay overtime compensation under both

12  California and federal law, their failure to provide wage statements, their failure to provide off-duty

13  meal breaks, their failure to pay vested vacation time and their failure to pay all compensation owed

14  upon retirement under California Business and Professions Code §§ 17200-17208.

15         14.    Plaintiff also brings this collective action on behalf of himself and all persons similarly

16  situated who were, are, or will be employed by Defendants nationwide as Field Representatives

17  (hereinafter "Nationwide FLSA Collective Plaintiffs"), at any time within the three years prior to this

18  action's filing date through the date of the final disposition of this action and who were, are, or will be

19  misclassified as exempt from overtime pay under federal law.

20         15.    Defendants unlawfully classified Plaintiff and the Nationwide FLSA Collective Plaintiffs

21  as exempt from overtime pay, despite the fact that they were never and are not exempt.  The Nationwide

22  FLSA Collective Plaintiffs worked overtime hours, as defined by FLSA, and are and have been entitled

23  to overtime compensation at one and one-half times the regular hourly rate for those hours.  Defendants

24  have willfully refused to pay Plaintiff and the Nationwide FLSA Collective Plaintiffs required premium

25  compensation for overtime hours worked.  Plaintiff and the Nationwide FLSA Collective Plaintiffs seek

26  injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or

27  permitted by Defendants, liquidated and/or other damages and penalties as permitted by applicable law,

28  interest, attorneys' fees and costs.

## IV.     **THE PARTIES**

16.     Plaintiff Kenneth Seaman at times relevant herein was a resident of Contra Costa County, California.  Since January 1974, Plaintiff was employed by Defendants, or their predecessors, as a Field Representative.  Plaintiff worked hours in excess of forty (40) hours per week and in excess of eight (8) hours per day, without receiving overtime compensation as required by both California and federal law.

17.     Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b) and 256.  His Consent to Sue Form is attached hereto as Exhibit A.

18.     The term "Field Representative," as used herein, is intended to include without limitation, Defendants' similarly situated employees who have been and/or are sometimes referred to as "Field Representatives," "Field Consultants," "Field Investigators," and "Executive Field Consultants."

19.     Field Representatives are primarily involved in investigating disability claims.  Field Representatives regularly perform such tasks as interviewing, obtaining information and providing reports.  Field Representatives do not customarily and regularly supervise others, but rather support other departments including the Home Office Benefit Center, the Special Investigations Unit, the Benefits Center, and the Law Department.  Field Representatives do not regularly exercise judgment and discretion, but rather are routinely given detailed instructions as to the type of information they need to obtain.

20.     Defendant Unum Group is a Delaware corporation providing employee benefits throughout the United States and the United Kingdom.  Unum's corporate headquarters is located in Chattanooga, Tennessee.  Unum is engaged in interstate commerce.  The practices described herein were performed in Danville, California (in Contra Costa County) and throughout the United States.

21.     Defendant Unum Life Insurance Company of America is a Maine corporation with its corporate headquarters located in Chattanooga, Tennessee.  Unum Life Insurance is engaged in interstate commerce.  The practices described herein were performed in Danville, California (in Contra Costa County) and throughout the United States.

22.     As used in this Complaint, "Defendants" refers to all Defendants and unless otherwise specified, every allegation with respect to one Defendant is an allegation with respect to each defendant. Hence, the term "Defendants" as used in this action is intended to refer to and mean Unum and Unum Life Insurance.

23.     Defendants employed Plaintiff and similarly situated Field Representatives within Contra Costa County and throughout the United States.

## V.    COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and the following class of persons:

> All persons who give their consent in writing to become party-plaintiffs and who have been employed as Field Representatives by Defendants at any time during the three years prior to the filing of their respective Consent to Sue forms.

25.     Plaintiff and Nationwide FLSA Collective Plaintiffs are similarly situated because they all had substantially similar job requirements and pay provisions, and were subject to Defendants' common practice, policy, or plan of unlawfully characterizing Nationwide FLSA Collective Plaintiffs as exempt employees and refusing to pay them overtime in violation of the FLSA.

26.     The names and addresses of the Nationwide FLSA Collective Plaintiffs are available from Defendants, and notice should be provided, as soon as possible, by Defendants, to the Nationwide FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FIRST CLAIM FOR RELIEF
### FAILURE TO PAY REQUIRED OVERTIME UNDER FEDERAL LAW
#### (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)

27.     Plaintiff, on behalf of himself and all Nationwide FLSA Collective Plaintiffs, realleges and incorporates by reference paragraphs 1 through 26 as if they were set forth again herein.

28.     At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed, and continue to employ,

"employee[s]," including Plaintiff, and each of the collective Nationwide FLSA Collective Plaintiffs. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

29.    Attached hereto is a Consent to Sue Form signed by Plaintiff in this Action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  It is likely that other individuals will sign consent forms and join on this claim in the future.

30.    The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

31.    Plaintiff is informed and believes and thereon alleges that Defendants did not compensate all Field Representatives for their work in excess of forty (40) hours per week at a rate not less than one and one-half times their regular rate of pay.

32.    Plaintiff is informed and believes and thereon alleges that Defendants have a company-wide policy of requiring, suffering, or permitting Field Representatives to work greater than forty (40) hours per week without proper compensation.

33.    Plaintiff and the Nationwide FLSA Collective Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

34.    By failing to compensate Plaintiff and the Nationwide FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have willfully, knowingly, and recklessly violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

35.    As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiff and other similarly situated Field Representatives have been damaged because they have not received wages due them under the FLSA.

36.    Defendants have made it difficult to account for the unpaid overtime worked by their Field Representatives because they did not make, keep or preserve the hours worked by the Field Representatives as required for non-exempt employees by 29 U.S.C. § 211(c).

37.    Defendants' failure to keep records of hours worked by Field Representatives is willful and deliberate and furthers their policy of denying overtime compensation to Field Representatives in violation of the FLSA.

38.    Plaintiff, on behalf of himself and Nationwide FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid wages, including unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs and such other legal and equitable relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### FAILURE TO PAY REQUIRED OVERTIME
### (Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194)

39.    Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if they were set forth again herein.

40.    California law requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over forty (40) per workweek, over eight (8) per day or on the seventh consecutive day of work in a workweek.

41.    Plaintiff worked in excess of eight (8) hours in a workday, over forty (40) hours in a workweek and/or on seven (7) consecutive days in a workweek.

42.    Defendants misclassified Plaintiff as exempt from overtime pay and failed and refused to pay him premium pay for his overtime hours worked.

43.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### THIRD CLAIM FOR RELIEF
### FAILURE TO PROVIDE WAGE STATEMENTS
### (Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 1174, & 1174.5)

44.    Plaintiff realleges and incorporates by reference paragraphs 1 through 43 as if they were set forth again herein.

45.    California Labor Code § 226(a) requires employers to furnish each employee with a statement itemizing, *inter alia*, hours worked and the gross wages earned by the employee on a semi-monthly basis or at the time of each payment of wages.

46.    California Labor Code section 226(b) provides that if an employer knowingly and intentionally fails to provide an itemized wage statement, the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to four thousand dollars ($4,000.00).

47.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiff in accordance with California Labor Code § 226(a).  Such failure caused injury to Plaintiff, by, among other things, impeding him from knowing the amount of wages to which he was entitled.

48.    Plaintiff requests the statutory damages amounts of fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to four thousand dollars ($4,000.00), and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226.7, & 512)**

49.    Plaintiff realleges and incorporates by reference paragraphs 1 through 48 as if they were set forth again herein.

50.    Plaintiff regularly worked in excess of five (5) hours per day and, at times, ten (10) hours per day without being provided at least half-hour meal breaks in which he was relieved of all duty, as required by California Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, § 11(a).

51.    Plaintiff regularly worked in excess of four hours per day without being afforded a ten-minute rest period.

52.    Plaintiff regularly worked in excess of eight hours per day without being afforded either or both of the two ten-minute rest periods as required by California Labor Code § 226.7 and Wage Order No. 4.

53.     Plaintiff regularly worked in excess of twelve hours per day without being afforded any or all of the three ten-minute rest periods as required by California Labor Code § 226.7 and Wage Order No. 4.

54.     As a result of Defendants' failure to afford proper meal periods, Defendants are liable to Plaintiff for one (1) hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

55.     As a result of Defendants' failure to afford proper rest periods, Defendants are liable to Plaintiff for one (1) hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order No. 4.

**FIFTH CLAIM FOR RELIEF**
**FAILURE TO PAY VESTED VACATION TIME**
**(Cal. Labor Code § 227.3)**

56.     Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as if they were set forth again herein.

57.     Throughout his employment, Defendants afforded Plaintiff paid time off/vacation time as a term of employment.  Upon his resignation from his employment with Defendants, Plaintiff was owed his pro rata share of all vested vacation time as required by California Labor Code § 227.3.

58.     Defendants willfully failed and refused, and continue to willfully fail and refuse to timely pay all vested vacation time to Plaintiff as required by California Labor Code § 227.3.

59.     Defendants are therefore liable to Plaintiff for his vested and unused vacation time, together with interest thereon and attorneys' fees and costs as required by California Labor Code § 227.3.

**SIXTH CLAIM FOR RELIEF**
**WAITING TIME PENALTIES**
**(Cal. Labor Code §§ 202 and 203)**

60.     Plaintiff realleges and incorporates by reference paragraphs 1 through 59 as if they were set forth again herein.

61.    California Labor Code § 202 requires an employer to promptly pay compensation due and owing to said employee within seventh-two (72) hours of an employee's resignation.  California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon resignation, as provided under California Labor Code § 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) days.

62.    Defendants willfully failed and refused, and continue to willfully fail and refuse, to timely pay compensation and wages, including unpaid overtime pay, vacation pay and meal period pay, to Plaintiff, as required by California Labor Code § 202.

63.    Defendants are therefore liable to Plaintiff for waiting time penalties, together with interest thereon and attorneys' fees and costs as required by California Labor Code § 203.

**SEVENTH CLAIM FOR RELIEF**
**UNFAIR BUSINESS PRACTICES**
**(Cal. Bus. & Prof. Code §§ 17200-17208)**

64.    Plaintiff realleges and incorporates by reference paragraphs 1 through 63 as if they were set forth again herein.

65.    The acts and omissions of the Defendants, as alleged herein, including violations of the FLSA and California Labor Code, constitute unlawful, unfair, deceptive and/or anti-competitive business practices described in California Business and Professions Code § 17200, *et. seq.*

66.    Defendants acquired money or property or other benefits, including unfair competitive advantages, from their ongoing unlawful business practices, including retention of unpaid overtime wages that were due and owing to Plaintiff.  Defendants have retained the money or property or other benefits, including the unfair competitive advantages arising from their illegal business practices.

67.    Plaintiff is a person in interest, pursuant to California Business & Professions Code § 17203, because he has been deprived of his vested interest in money as a result of Defendants' unlawful conduct and has suffered actual monetary loss as a result of Defendants' illegal conduct.

68.    Defendants' continuing refusal to pay wages due and owing, including payment of overtime wages, constitutes an ongoing unlawful activity and continuing violation of California Business and Professions Code § 17200, *et seq.*

69.    The harm to Plaintiff and to the members of the general public outweighs the utility of Defendants' policies and practices of failing to pay overtime wages, failing to provide proper wage statements, failing to provide meal breaks, failing to pay vested vacation, and failing to pay compensation owed upon resignation.

70.    The Court is justified to issue an injunction pursuant to California Business and Professions Code § 17203 in order to prevent Defendants from continuing to unjustly accumulate and retain profits and to prevent Defendants from competing unfairly with other law-abiding California businesses.

71.    The Court is further justified to issue an Order requiring Defendants to restore to Plaintiff all money acquired and retained by means of such unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, with regard to the First Claim for Relief, Plaintiff on behalf of himself and all similarly situated Field Representatives who opt into this action, pray for relief as follows:

1.    Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

2.    A finding and declaratory judgment that Defendants have violated the overtime provisions of the FLSA, 29 USC § 207;

3.    A finding and declaratory judgment that Defendants' violations of the FLSA were willful;

4.    For damages in an amount to be established for unpaid overtime wages;

5.    For liquidated damages;

6.    For interest and cost of suit;

7.    For attorneys' fees; and

8.    For such other and further relief as the Court deems just and proper.

///

WHEREFORE, with regard to the Second, Third, Fourth, Fifth, Sixth and Seventh Claims for Relief, Plaintiff individually prays for relief as follows:

9.    A finding and declaratory judgment that Defendants violations as described herein have been willful;

10.    Appropriate equitable and injunctive relief to remedy Defendants' violations of law including an order enjoining Defendants from continuing its unlawful practices;

11.    A finding and declaratory judgment that the Defendants violated the overtime provisions of California Labor Code § 510, 1194 and Wage Order 4-2001;

12.    A finding and declaratory judgment that Defendants violated California Labor Code §§ 226.7, 512 and Wage Order No. 4-2001 by failing to provide Plaintiff with adequate rest and meal breaks;

13.    A finding and declaratory judgment that Defendants have violated California Labor Code § 226(a) by failing to furnish Plaintiff with the required itemized wage statements;

14.    A finding and declaratory judgment that Defendants have violated California Labor Code § 227.3 by denying Plaintiff compensation for his vested, unused vacation time promptly upon termination of employment;

15.    A finding and declaratory judgment that Defendants have violated California Labor Code §§ 202 and 203 for willful failure to pay Plaintiff all compensation owed at the time of termination of employment;

16.    A finding and declaratory judgment that Defendants have violated California Business and Professions Code § 17200 by failing to pay Plaintiff his overtime wages, failing to provide proper wage statements, failing to provide meal breaks, failing to pay vested vacation, and failing to pay compensation owed upon termination of employment;

17.    An award of compensatory damages and statutory penalties to the extent available, together with interest on these amounts, according to proof;

18.    An award of punitive and exemplary damages in an amount sufficient to punish Defendants for its misconduct and to deter such conduct in the future by Defendants and others;

19.     That Defendants be ordered and enjoined to pay restitution and statutory penalties to Plaintiff due to Defendants' unlawful and/or unfair activities, pursuant to California Business and Professions Code §§ 17200-05;

20.     That Defendants further be enjoined to cease and desist from unlawful and/or unfair activities in violation of California Business and Professions Code § 17200, pursuant to § 17203;

21.     An award of reasonable attorneys' fees and costs; and

22.     For such other and further relief as the Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff and the Nationwide FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated:  July 31, 2007                              Respectfully submitted,

                              _____/s/_____
                              David Borgen (SBN 99354)
                              Jinny Kim (SBN 208953)
                              GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                   DARDARIAN
                              300 Lakeside Drive, Suite 1000
                              Oakland, CA  94612
                              Telephone:  (510) 763-9800
                              Facsimile:  (510)  835-1417


                              Burton Boltuch (SBN 70211)
                              LAW OFFICES OF BURTON F. BOLTUCH
                              The 555 City Center Building
                              555 12th Street, Suite 1440
                              Oakland, CA  94607-4046
                              Telephone:  (510) 844-3415
                              Facsimile:  (510) 444-3401

                              ATTORNEYS FOR PLAINTIFFS