Kenneth D. Sulzer (SBN 120253) ksulzer@seyfarth.com
Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
Lorraine H. O'Hara (SBN 170153) lohara@seyfarth.com
David Van Pelt (SBN 163690) dvanpelt@seyfarth.com
Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East #3300
Los Angeles, CA 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
UNUM GROUP and UNUM LIFE INSURANCE
COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KENNETH SEAMAN, individually and on behalf of those similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>            Defendants. | Case No. CV 07-03260 MMC<br><br>COLLECTIVE ACTION<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

///

///

///

///

///

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
LA1 6650794.3 / 24335-000023

Defendants Unum Group and Unum Life Insurance Company of America ("Defendants"), hereby answer the First Amended Complaint ("Complaint") of Kenneth Seaman ("Plaintiff") as purportedly asserted on behalf of himself and all others similarly situated, allege and state as follows. Unless and to the extent expressly admitted herein, Defendants deny any and all allegations in the Complaint.

## I.    JURISDICTION

1. Paragraph 1 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 1 of the Complaint, except admit that Plaintiff purports to assert claims over which this Court may have subject matter jurisdiction.

2. Paragraph 2 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 2 of the Complaint, except admit that Plaintiff purports to assert claims over which this Court may have supplemental jurisdiction.

3. Paragraph 3 of the Complaint asserts legal declarations and conclusions to which no response is required.

4. Paragraph 4 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 4 of the Complaint, except admit that Defendants are qualified to do business in the state of California and that both Defendants are doing business in California and in this District.

## II.    VENUE

5. Defendants admit that they conduct business in this district and that venue may be proper. Defendants admit that Unum Group employed Plaintiff and others in this District, but deny that Unum Life Insurance Company of America

1 employed Plaintiff or any putative class members during the putative class period
2 alleged in paragraph 24 of the Complaint. Defendants deny the remaining
3 allegations of paragraph 5.

4     6. Paragraph 6 of the Complaint asserts legal declarations and
5 conclusions to which no response is required. To the extent a response is required,
6 Defendants deny the allegations in paragraph 6 of the Complaint, except admit that
7 Defendants conduct business from offices located in this district and that venue
8 may be proper.

### III.    SUMMARY OF CLAIMS

10     7. Defendants admit that Plaintiff was employed by Unum Group as a
11 Field Representative with the primary duty of investigating disability claims; that
12 Plaintiff conducted interviews and obtained facts and information from claimants
13 and third parties; and that Plaintiff created reports based on his investigations.
14 Defendants deny the remaining allegations of paragraph 7 of the Complaint.

15     8. Defendants admit that Plaintiff was classified by Defendant Unum
16 Group as exempt from the overtime provisions of the FLSA and California's wage
17 and hour laws and that Plaintiff seeks the relief requested in paragraph 8.
18 Defendants deny the remaining allegations in paragraph 8 of the Complaint.

19     9. Defendants deny the allegations in paragraph 9 of the Complaint.
20     10. Defendants deny the allegations in paragraph 10 of the Complaint.
21     11. Defendants deny the allegations in paragraph 11 of the Complaint.
22     12. Defendants deny the allegations in paragraph 12 of the Complaint.
23     13. Defendants admit that Plaintiff seeks the relief requested in paragraph
24 13. Defendants deny the allegations in paragraph 13 of the Complaint.

25     14. Paragraph 14 of the Complaint asserts legal declarations and
26 conclusions to which no response is required. To the extent a response is required,
27 Defendants deny the allegations in paragraph 14 of the Complaint, except admit
28 that Plaintiff purports to bring a "collective action on behalf of himself and all

persons similarly situated." Defendants further deny that this action is appropriate for, or should proceed as, a collective action.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

## IV.  THE PARTIES

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiff at times relevant herein was a resident of Contra Costa County, California." Defendants admit that Kenneth Seaman is a Plaintiff in this action and that he was employed by Defendant Unum Group or its predecessors from January 1, 1974 until June 1, 2007, holding the titles of Senior Field Claims Representative, Field Consultant and Executive Field Consultant during his employment. Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff attached a Consent to Sue Form to the Complaint by which he purports to consent to sue for violations of the FLSA pursuant to §§ 216(b) and 256.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants admit that "Field Representatives are primarily involved in investigating disability claims" and their job duties include "interviewing, obtaining information and providing reports." Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20. Defendants admit that Unum Group is a Delaware corporation providing group and individual income protection and related coverage and services; that it offers a comprehensive, integrated portfolio of products and services backed by industry-leading return-to-work resources and disability expertise; and that Unum Group is engaged in interstate commerce. By way of further answer, Defendants state that Unum Group is headquartered in Chattanooga, Tennessee and has significant United States operations in Portland, Maine, Worcester, Massachusetts, Glendale, California and Columbia, South

1 Carolina and in the United Kingdom, Dorking, England.  Defendants deny the
2 remaining allegations of paragraph 20 of the Complaint.

3     21.    Defendants admit that Unum Life Insurance Company of America is a
4 Maine corporation with its Home Office located in Portland, Maine, and that it is
5 engaged in interstate commerce.  Defendants deny the remaining allegations of
6 paragraph 21 of the Complaint.

7     22.    Paragraph 22 of the Complaint asserts legal declarations and
8 conclusions to which no response is required.  To the extent a response is required,
9 Defendants deny the allegations in paragraph 22 of the Complaint.

10     23.    Defendants admit that Plaintiff was employed by Defendant Unum
11 Group or its predecessors from January 1, 1974 until June 1, 2007, holding the
12 titles of Senior Field Claim Representative, Field Consultant and Executive Field
13 Consultant during his employment and that Defendants employed Field
14 Consultants, Senior Field Representatives, and Executive Field Consultants
15 throughout the United States.  Defendants deny the remaining allegations of
16 paragraph 23 of the Complaint.

### V.    COLLECTIVE ACTION ALLEGATIONS

18     24.    Paragraph 24 of the Complaint asserts legal declarations and
19 conclusions to which no response is required.  To the extent a response is required,
20 Defendants deny the allegations in paragraph 24 of the Complaint except admit
21 that Plaintiff purports to bring a "collective action" on behalf of certain individuals
22 who are not parties to this action.  Defendants deny that this case is appropriate for,
23 or should proceed as, a collective action.

24     25.    Defendants deny the allegations in paragraph 25 of the Complaint.
25     26.    Defendants deny the allegations in paragraph 26 of the Complaint.
26 / / /
27 / / /
28 / / /

5

# FIRST CLAIM FOR RELIEF

## (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq.)

27. Defendants reassert and incorporate their responses to paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Defendants admit that Defendant Unum Group is an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203, and that each Defendant has a gross operating revenue in excess of $500,000. By way of further answer, Defendants admit that Plaintiff is a former employee of Unum Group. Defendants deny the remaining allegations in paragraph 28 of the Complaint.

29. Defendants admit that Plaintiff attached to the Original Complaint provided to Defendants a copy of a Consent to Sue Form purportedly signed by Plaintiff in this Action. Defendants deny the remaining allegations of paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint asserts legal declarations and conclusions to which no response is required.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 38 of the Complaint.

///
///

## SECOND CLAIM FOR RELIEF

**(Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194)**

39. Defendants reassert and incorporate their responses to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Paragraph 40 of the Complaint asserts legal declarations and conclusions to which no response is required.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

## THIRD CLAIM FOR RELIEF

**(Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 1174 & 1174.5)**

44. Defendants reassert and incorporate their responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Paragraph 45 of the Complaint asserts legal declarations and conclusions to which no response is required.

46. Paragraph 46 of the Complaint asserts legal declarations and conclusions to which no response is required.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants admit that Plaintiff seeks the relief requested in paragraph 48 of the Complaint.

## FOURTH CLAIM FOR RELIEF

**(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226.7 & 512)**

49. Defendants reassert and incorporate their responses to paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

1     54.     Defendants deny the allegations in paragraph 54 of the Complaint.

2     55.     Defendants deny the allegations in paragraph 55 of the Complaint.

### FIFTH CLAIM FOR RELIEF

### (Cal. Labor Code § 227.3)

5    56.     Defendants reassert and incorporate their responses to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

7    57.     Defendants admit that Defendant Unum Group "afforded Plaintiff paid time off/vacation time as a term of employment" pursuant to its applicable policies. Defendants deny the remaining allegations of paragraph 57.

10    58.     Defendants deny the allegations in paragraph 58 of the Complaint.

11    59.     Defendants deny the allegations in paragraph 59 of the Complaint.

### SIXTH CLAIM FOR RELIEF

### (Cal. Labor Code §§ 202 and 203)

14    60.     Defendants reassert and incorporate their responses to paragraphs 1 through 59 of the Complaint as if fully set forth herein.

16    61.     Paragraph 61 of the Complaint asserts legal declarations and conclusions to which no response is required.

18    62.     Defendants deny the allegations in paragraph 62 of the Complaint.

19    63.     Defendants deny the allegations in paragraph 63 of the Complaint.

### SEVENTH CLAIM FOR RELIEF

### (Cal. Bus. & Prof. Code §§ 17200-17208)

22    64.     Defendants reassert and incorporate their responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

24    65.     Defendants deny the allegations in paragraph 65 of the Complaint.

25    66.     Defendants deny the allegations in paragraph 66 of the Complaint.

26    67.     Defendants deny the allegations in paragraph 67 of the Complaint.

27    68.     Defendants deny the allegations in paragraph 68 of the Complaint.

28    69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

## PRAYER FOR RELIEF

72. Answering the "Prayer for Relief," Defendants deny that Plaintiff is entitled to the relief for which he prays on behalf of himself or any other individual or to any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have. Defendants further aver that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus, expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to state facts sufficient to constitute any cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's alleged claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 337, 338, 339, 340; California Business & Professions Code section 17208; and 29 U.S.C. section 255.

### SEVENTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

### EIGHTH AFFIRMATIVE DEFENSE
### (Plaintiff Exempt from Overtime Wages)

Plaintiff's alleged claims are barred because Defendants properly classified Plaintiff and all Executive Field Consultants, Field Consultants, Senior Field Representatives and Field Representatives as exempt employees under the FLSA and California law.

### NINTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiff's alleged claims are barred, in whole or in part, because Defendants have at all times acted in good faith in conformity with and in reliance on applicable administrative regulations, orders, rulings, approvals and interpretations, and on applicable administrative practices and enforcement policies.

### TENTH AFFIRMATIVE DEFENSE
### (No Willful Violation)

The three-year statute of limitations and liquidated damages are unavailable in this action because Defendants did not engage in a willful violation of the FLSA but rather at all times acted with a reasonable, good faith belief that its Executive

Field Consultants, Field Consultants, Senior Field Representatives and Field Representatives were and are properly classified as exempt under the FLSA and California law.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (*De Minimis* Uncompensated Time)

Defendants state that if, in fact, they have failed to pay any nonexempt employee for work, the uncompensated time is de minimis.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Regulations Invalid, Arbitrary and Capricious)

The regulations and/or administrative interpretations which form the basis of some or all of Plaintiff's claims (brought on behalf of himself and the putative members of the purported collective action as defined in the Complaint) are invalid, arbitrary and capricious.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Other Actions Pending)

The claims of Plaintiff and each putative collective action member are barred to the extent that there is/are currently other action(s) pending on the same claims.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Setoff)

If Plaintiff has sustained any damages (or if any putative collective action members as defined in the Complaint have sustained any damages), Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or putative collective action members owed to Defendants against any judgment that may be entered against Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Full Payment)

Plaintiff and/or the putative collective action members have received full payment for all work performed thereby barring Plaintiff's and/or the putative collective action members' claims.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LA1 6650794.3 / 24335-000023

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

Plaintiff's claims and any putative collective action members' claims are barred pursuant to an accord and satisfaction.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Release)

Subject to proof by discovery, some or all of Plaintiff's and/or the putative collective action members' claims are barred because they executed a valid and enforceable general release of Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Not Plaintiff's Employer)

Some or all of Plaintiff's claims fail as to Unum Life Insurance Company of America because Unum Life Insurance Company of America did not employ Plaintiff or any other putative plaintiff or other individual and was not such person's employer during all or part of the time period relevant to this lawsuit as alleged in paragraph 24 of the Complaint

### NINETEENTH AFFIRMATIVE DEFENSE
### (FLSA Defenses)

To the extent that California law is premised on the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq., Defendants assert the specific defenses available under that Act, its interpreting and enforcing regulations, opinion letters, and guidelines and codes written by or on behalf of the Administrator of the Wage and Hour Division.

### TWENTIETH AFFIRMATIVE DEFENSE
### (No Willful Violation of California Labor Code)

Plaintiff's claims are barred because Defendants cannot be held to have willfully failed to comply with the requirements of the California Labor Code.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Collective Action)

The Complaint does not state facts sufficient to certify a class and this action is not properly brought as a class or collective action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (No Collective Action)

Plaintiff's collective action allegations should be stricken and he cannot pursue his claim as a collective action because they are so vague and imprecise that no ascertainable collective action is present.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
#### (Meal Periods Provided)

Plaintiff's claims for penalties and damages arising out of alleged meal period violations are barred because Defendants provided the opportunity to Plaintiff to take timely meal breaks, and Defendants are not liable for unpaid wages, damages or penalties, or otherwise responsible, to the extent Plaintiff voluntarily elected not to use the meal period opportunities provided to him.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Rest Breaks Provided)

Plaintiff's claims for penalties and damages arising out of alleged rest break violations are barred because Defendants provided the opportunity to Plaintiff to take timely rest breaks, and Defendants are not liable for unpaid wages, damages or penalties, or otherwise responsible, to the extent Plaintiff voluntarily elected not to use the rest break opportunities provided to him.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (No Section 17200 Standing)

Plaintiff's claims under Business & Professions Code section 17200, et seq., are barred to the extent that Plaintiff lacks standing to sue pursuant to Business & Professions Code sections 17203 and 17204.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (No Recovery under Section 17200)

Plaintiff improperly seeks through his cause of action under Business & Professions Code section 17200 to recover statutory penalties or other monies that are not recoverable under this statute.

/ / /

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (ERISA Preemption)

To the extent Plaintiff bases his claim on or seeks relief under state law for any alleged violation of ERISA, such claim or request for relief is preempted and is invalid pursuant to the Supremacy Clause of the United States Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

Plaintiff's claims for injunctive relief are barred because Plaintiff has an adequate and complete remedy at law, Plaintiff has no standing with respect to Defendants' future employment practices, and Plaintiff cannot make the requisite showing to obtain injunctive relief.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

Plaintiff's claims fail to state facts sufficient to allow recovery of exemplary or punitive damages from Defendants.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Statutory or Administrative Prerequisites)

Plaintiff's claims are barred to the extent he has failed to meet all statutory or administrative prerequisites to suit.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Comply with Directions)

The Complaint is barred to the extent that Plaintiff and/or any putative collective action member failed substantially to comply with directions and/or reasonable expectations of Defendants and such failure proximately caused the alleged losses for which relief is sought.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Private Right of Action)

The Complaint is barred to the extent that Plaintiff seeks relief for alleged losses, injuries or damages incurred prior to the effective date of Labor Code section 226.7 on the ground that no private right of action directly under the Wage Orders or any other law existed prior to that date.

# **PRAYER**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by his Complaint;

2. That Plaintiff's request for an order designating this case as a collective action and permitting issuance of any notice to putative collective action members be denied;

3. That Plaintiff's request for declaratory and injunctive relief be denied;

4. That Plaintiff's request for compensatory damages, overtime compensation, punitive damages, statutory penalties, restitution, liquidated damages and requests for an award of attorneys' fees and costs be denied;

5. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

6. That Defendants be awarded reasonable attorney's fees according to proof;

7. That Defendants be awarded the costs of suit herein incurred; and

8. That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED:  September 10, 2007          SEYFARTH SHAW LLP


By   /s/ Eileen C. Zorc
     Kenneth D. Sulzer
     Michael L. Gallion
     Lorraine H. O'Hara
     David Van Pelt
     Eileen C. Zorc
Attorneys For Defendants UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA

## PROOF OF SERVICE

STATE OF CALIFORNIA )
                     ) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On September 10, 2007, I served the within documents: **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☐ I sent such document from facsimile machine (310) 201-5219 on _____. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| Burton Boltuch (SBN 70211)<br>Law Offices of Burton F. Boltuch<br>The 555 City Center Bldg.<br>555 12th St., Suite 1440<br>Oakland CA 94607<br>Tel: 510.844.3415<br>Fax: 510.444.3401 | David A. Borgen (SBN 99354)<br>Jinny Kim (SBN 208953)<br>Goldstein, Demchak, Baller, Borgen & Dardarian<br>300 Lakeside Drive, Suite 1000<br>Oakland CA 94612<br>Tel: 510.763.9800<br>Fax: 510.835.1417 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made; executed on September 10, 2007, at Los Angeles, California.

/s/ Maritza Estrada

LA1 6650794.3 / 24335-000023