Kenneth D. Sulzer (SBN 120253) ksulzer@seyfarth.com
Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
Lorraine H. O'Hara (SBN 170153) lohara@seyfarth.com
David Van Pelt (SBN 163690) dvanpelt@seyfarth.com
Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East #3300
Los Angeles, CA 90067-3063
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendants
UNUM GROUP and UNUM LIFE INSURANCE
COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KENNETH SEAMAN, individually and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA, <br><br> Defendants. | Case No. CV 07-03260 MMC <br><br> COLLECTIVE ACTION <br><br> **[PROPOSED] STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

/ / /

/ / /

/ / /

/ / /

/ / /

LA1 6659377.2

1    Plaintiff Kenneth Seaman ("Plaintiff") and Defendants Unum Group and

2  Unum Life Insurance Company Of America (collectively the "parties") hereby

3  stipulate by and through their respective attorneys of record as follows:

4    1.    Certain Confidential Information, as stated hereunder, produced or

5  exchanged in the course of this case shall be used solely for the purpose of

6  prosecuting, defending, or settling this case.  The parties may not use or disclose

7  Confidential Information obtained in the course of this case for any other purpose,

8  including, but not limited to, personal, business or competitive purposes, or for

9  other lawsuits, claims or actions of any kind.

10    2.    "Confidential Information," as used herein, means information to be

11  produced, including, but not limited to, contact information for putative class

12  members, Defendants' redacted and unredacted declarations of putative class

13  members (Bates Nos. D000448 through D000705 and D000448A through

14  D000705A) and certain documents, policies, and information maintained by

15  Defendants.  These documents shall be marked by labeling the relevant page

16  "Confidential."  Where a document or response consists of more than one page, the

17  first page and each page on which Confidential Information appears shall be so

18  designated.

19    3.    "Document," as used herein, means any embodiment of information

20  or communication within the scope of California Evidence Code section 250, and

21  includes the handwriting, typewriting, electronic mail, computer or electronic

22  record, printing, photostatting, photographing, videotaping, and every other means

23  of recording upon any tangible thing any form of communication or representation,

24  including letters, words, pictures, sounds or symbols, or combinations of them.

25    4.    Except with the prior written consent of the other parties, or upon

26  prior order of this Court obtained upon notice to opposing counsel, Confidential

27  Information shall not be disclosed to any person other than:

28

-2-

LA1 6659377.2

1       A.    counsel for the respective parties to this litigation, including in-

2   house counsel and co-counsel retained for this litigation;

3       B.    employees of such counsel, to the extent deemed necessary by

4   counsel for the prosecution or defense of this litigation;

5       C.    individual parties or officers or employees of a party, to the

6   extent deemed necessary by counsel for the prosecution or defense of this

7   litigation;

8       D.    consultants or expert witnesses retained for the prosecution or

9   defense of this litigation, provided that each such person shall execute a copy of

10  the Certification attached to this Order (which shall be retained by counsel to the

11  party so disclosing the Confidential Information and made available for inspection

12  by opposing counsel during the pendency or after the termination of the action only

13  upon good cause shown) before being shown or given any Confidential

14  Information, and provided that if Plaintiff chooses a consultant or expert employed

15  by Defendant or one of its competitors, Plaintiff shall notify Defendant before

16  disclosing any Confidential Information to that individual and shall give Defendant

17  an opportunity to move for a protective order preventing or limiting such

18  disclosure;

19      E.    any authors or prior recipients of the Confidential Information;

20      F.    the Court, Court personnel, and court reporters; and

21      G.    witnesses, other than authors or prior recipients of the

22  Confidential Information, to the extent necessary for such witness to testify in this

23  matter.  A witness shall sign the Certification before receiving Confidential

24  Information.  Confidential Information may be disclosed to a witness who will not

25  sign the Certification only in a deposition at which the party who designated the

26  Confidential Information is represented or has been given notice that Confidential

27  Information produced by the party may be used.  Witnesses shown Confidential

28  Information shall not be allowed to retain copies.

-3-

LA1 6659377.2

1      5.     Any persons receiving Confidential Information shall not reveal or
2   discuss such information to or with any person who is not entitled to receive such
3   information, except as set forth herein.

4      6.     All provisions of this Order restricting the communication or use of
5   Confidential Information shall continue to be binding after the conclusion of this
6   action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a
7   party in possession of Confidential Information, including any third party who
8   receives Confidential Information, other than that which is contained in pleadings,
9   correspondence, and deposition transcripts, shall either, at the Designating Party's
10   option, (a) return all such documents and all copies no later than thirty (30) days
11   after conclusion of this action to counsel for the party or non-party who provided
12   such information, or (b) destroy all such documents and all copies within thirty
13   (30) days upon consent of the party who provided the information and certify in
14   writing within thirty (30) days that the documents have been destroyed.

15      7.     Nothing herein shall be deemed to waive any applicable privilege or
16   work product protection, or to affect the ability of a party to seek relief for an
17   inadvertent disclosure of material protected by privilege or work product
18   protection.  Any witness or other person, firm or entity from which discovery is
19   sought may be informed of and may obtain the protection of this Order by written
20   advice to the parties' respective counsel or by oral advice at the time of any
21   deposition or similar proceeding.

22      8.     Documents or other materials filed by any party with the Court before,
23   during, or after trial which contain Confidential Information shall be filed with the
24   Clerk under seal, which must be done subject to further order of the Court pursuant
25   to Local Rule 79-5.

26      9.     This Stipulation and Order is subject to revocation and modification
27   by Order of the Court upon written stipulation of the Parties or upon motion and
28   reasonable notice.

LA1 6659377.2

1

2
DATED: **10/23** , 2007    GOLDSTEIN, DEMCHAK, BALLER,
3                                         BORGEN & DARDARIAN

4
                                    By
5                                         DAVID BORGEN
                                    ATTORNEYS FOR PLAINTIFF KENNETH
6                                    SEAMAN

7

8
DATED: **10/23** , 2007    SEYFARTH SHAW LLP
9
                                    BY
10
                                    KENNETH D. SULZER
11                                   MICHAEL L. GALLION
                                    LORRAINE H. O'HARA
12                                   EILEEN C. ZORC
                                    ATTORNEYS FOR DEFENDANTS UNUM
13                                   GROUP AND UNUM LIFE INSURANCE
                                    COMPANY OF AMERICA
14
                                        **ORDER**
15

16        GOOD CAUSE APPEARING, it is hereby ORDERED that all parties to this

17  action and their counsel comply with the provisions of the Parties' Stipulation and

18  Protective Order concerning Confidential Information.

19        **IT IS SO ORDERED.**

20

21  Dated: _____        _____

22                                     United States District Court Judge

23

24

25

26

27

28

LA1 6659377.2

## ACKNOWLEDGEMENT CONCERNING INFORMATION
## COVERED BY PROTECTIVE ORDER

1.     I have received a copy of the Protective Order in the action *Kenneth Seaman v. Unum Group, et al.,* U.S.D.C. CV 07-03260-MMC. I have carefully read the provisions of the Protective Order, and I understand these provisions.

2.     I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not use except for the purposes of this action any information that I receive in this action.

3.     I further consent to the jurisdiction of the United States District Court, Northern District of California for the limited purpose of any proceeding to enforce or to secure compliance with the terms of the Protective Order or to address the breach of any terms of the Protective Order.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this ___ day of _____, 2007.

_____
Signature

_____
[Print Name]

_____

_____

_____
Business Address

-6-

LA1 6659377.2

PROOF OF SERVICE

STATE OF CALIFORNIA    )
                             ) ss
COUNTY OF LOS ANGELES )

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On October 23, 2007, I served the within documents: [PROPOSED] STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

☐    I sent such document from facsimile machine (310) 201-5219 on _____. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

**X**    Electronically by using the Court's ECF/CM System

| | |
|---|---|
| Burton Boltuch<br>Law Offices of Burton F. Boltuch<br>The 555 City Center Bldg.<br>555 12th St., Suite 1440<br>Oakland CA 94607<br>Tel: 510.844.3415<br>Fax: 510.444.3401 | David A. Borgen<br>Jinny Kim<br>Goldstein, Demchak, Baller, Borgen &<br>Dardarian<br>300 Lakeside Drive, Suite 1000<br>Oakland CA 94612<br>Tel: 510.763.9800<br>Fax: 510.835.1417 |

       I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

       I declare that I am employed in the office of a member of the bar of this court whose direction the service was made; executed on October 23, 2007, at Los Angeles, California.

                               /s/**Maritza Estrada**