1  Kenneth D. Sulzer (SBN 120253) ksulzer@seyfarth.com
   Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
2  Lorraine H. O'Hara (SBN 170153) lohara@seyfarth.com
   David Van Pelt (SBN 163690) dvanpelt@seyfarth.com
3  Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
   SEYFARTH SHAW LLP
4  2029 Century Park East #3300
   Los Angeles, CA 90067-3063
5  Telephone: (310) 277-7200
   Facsimile:  (310) 201-5219
6
   Attorneys for Defendants
7  UNUM GROUP and UNUM LIFE INSURANCE
   COMPANY OF AMERICA
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12 | KENNETH SEAMAN, individually and ) | Case No. CV 07-03260 MMC
   | on behalf of those similarly situated, )
13 |                                        ) | COLLECTIVE ACTION
   |             Plaintiffs,                )
14 |                                        ) | [PROPOSED] STIPULATION
   |       v.                               ) | AND PROTECTIVE ORDER
15 |                                        ) | REGARDING CONFIDENTIAL
   | UNUM GROUP and UNUM LIFE                ) | INFORMATION
16 | INSURANCE COMPANY OF                    )
   | AMERICA,                                )
17 |                                        )
   |             Defendants.                )
18 |                                        )
   |_____)
19
20  ///
21
22  ///
23
24  ///
25
26  ///
27
28  ///

LA1 6659377.2

Plaintiff Kenneth Seaman ("Plaintiff") and Defendants Unum Group and Unum Life Insurance Company Of America (collectively the "parties") hereby stipulate by and through their respective attorneys of record as follows:

1. Certain Confidential Information, as stated hereunder, produced or exchanged in the course of this case shall be used solely for the purpose of prosecuting, defending, or settling this case. The parties may not use or disclose Confidential Information obtained in the course of this case for any other purpose, including, but not limited to, personal, business or competitive purposes, or for other lawsuits, claims or actions of any kind.

2. "Confidential Information," as used herein, means information to be produced, including, but not limited to, contact information for putative class members, Defendants' redacted and unredacted declarations of putative class members (Bates Nos. D000448 through D000705 and D000448A through D000705A) and certain documents, policies, and information maintained by Defendants. These documents shall be marked by labeling the relevant page "Confidential." Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

3. "Document," as used herein, means any embodiment of information or communication within the scope of California Evidence Code section 250, and includes the handwriting, typewriting, electronic mail, computer or electronic record, printing, photostatting, photographing, videotaping, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations of them.

4. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

LA1 6659377.2

      A.    counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

      B.    employees of such counsel, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

      C.    individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

      D.    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown) before being shown or given any Confidential Information, and provided that if Plaintiff chooses a consultant or expert employed by Defendant or one of its competitors, Plaintiff shall notify Defendant before disclosing any Confidential Information to that individual and shall give Defendant an opportunity to move for a protective order preventing or limiting such disclosure;

      E.    any authors or prior recipients of the Confidential Information;

      F.    the Court, Court personnel, and court reporters; and

      G.    witnesses, other than authors or prior recipients of the Confidential Information, to the extent necessary for such witness to testify in this matter. A witness shall sign the Certification before receiving Confidential Information. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in possession of Confidential Information, including any third party who receives Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either, at the Designating Party's option, (a) return all such documents and all copies no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy all such documents and all copies within thirty (30) days upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

7. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

8. Documents or other materials filed by any party with the Court before, during, or after trial which contain Confidential Information shall be filed with the Clerk under seal, which must be done subject to further order of the Court pursuant to Local Rule 79-5.

9. This Stipulation and Order is subject to revocation and modification by Order of the Court upon written stipulation of the Parties or upon motion and reasonable notice.

LA1 6659377.2

DATED: 10/23, 2007           GOLDSTEIN, DEMCHAK, BALLER,
                              BORGEN & DARDARIAN

                              By /s/ David Borgen
                              DAVID BORGEN
                              ATTORNEYS FOR PLAINTIFF KENNETH
                              SEAMAN


DATED: 10/23, 2007           SEYFARTH SHAW LLP

                              BY /s/ Eileen C. Zorc

                              KENNETH D. SULZER
                              MICHAEL L. GALLION
                              LORRAINE H. O'HARA
                              EILEEN C. ZORC
                              ATTORNEYS FOR DEFENDANTS UNUM
                              GROUP AND UNUM LIFE INSURANCE
                              COMPANY OF AMERICA

### ORDER

GOOD CAUSE APPEARING, it is hereby ORDERED that all parties to this action and their counsel comply with the provisions of the Parties' Stipulation and Protective Order concerning Confidential Information.

**IT IS SO ORDERED.**

Dated: October 25, 2007                    /s/ Maxine M. Chesney
                                           United States District Court Judge

LA1 6659377.2

# ACKNOWLEDGEMENT CONCERNING INFORMATION COVERED BY PROTECTIVE ORDER

1. I have received a copy of the Protective Order in the action *Kenneth Seaman v. Unum Group, et al.*, U.S.D.C. CV 07-03260-MMC. I have carefully read the provisions of the Protective Order, and I understand these provisions.

2. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not use except for the purposes of this action any information that I receive in this action.

3. I further consent to the jurisdiction of the United States District Court, Northern District of California for the limited purpose of any proceeding to enforce or to secure compliance with the terms of the Protective Order or to address the breach of any terms of the Protective Order.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this ___ day of _____, 2007.

_____
Signature

_____
[Print Name]

_____

_____
Business Address

LA1 6659377.2