1  David Borgen (SBN 99354) dborgen@gdblegal.com
   Jinny Kim (SBN 208953) jkim@gdblegal.com
2  GOLDSTEIN, DEMCHAK, BALLER,
   BORGEN & DARDARIAN
3  300 Lakeside Drive, Suite 1000
   Oakland, CA 94612
4  Telephone: (510) 763-9800
   Facsimile: (510) 835-1417
5
6  Burton Boltuch (SBN 70211) bboltuch@workplacelaw.com
   LAW OFFICES OF BURTON F. BOLTUCH
   The 555 City Center Building
7  555 12th Street, Suite 1440
   Oakland, CA 94607-4046
8  Telephone: (510) 844-3415
   Facsimile: (510) 444-3401
9
   Attorneys for Plaintiff
10 KENNETH SEAMAN

11 Kenneth D. Sulzer (SBN 120253) ksulzer@seyfarth.com
   Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
12 Lorraine H. O'Hara (SBN 170153) lohara@seyfarth.com
   Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
13 SEYFARTH SHAW LLP
   2029 Century Park East #3300
14 Los Angeles, CA 90067-3063
   Telephone: (310) 277-7200
15 Facsimile:  (310) 201-5219

16 Attorneys for Defendants
   UNUM GROUP and UNUM LIFE INSURANCE
17 COMPANY OF AMERICA

18
                    UNITED STATES DISTRICT COURT
19
                   NORTHERN DISTRICT OF CALIFORNIA
20
                        SAN FRANCISCO DIVISION
21

| | |
|---|---|
| 22  KENNETH SEAMAN, individually and on behalf of those similarly situated, | Case No. CV 07-03260 MMC |
| 23              Plaintiffs, | COLLECTIVE ACTION |
| 24       v. | **JOINT CASE MANAGEMENT STATEMENT** |
| 25  UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA, | Scheduling Conference Date: November 16, 2007 Time: 10:30 a.m. |
| 27              Defendants. | |

JOINT CASE MANAGEMENT STATEMENT

LA1 6664516.1

Pursuant to Local Rule 16-9 and Federal Rules of Civil Procedure 26(f), Plaintiff Ken Seaman ("Plaintiff"), Unum Group and Unum Life Insurance Company of America ("Defendants") (collectively "Defendants") submit the following Joint Case Management Statement:

## I. JURISDICTION AND SERVICE

This Court has original jurisdiction of the case under 28 U.S.C. § 1331. Defendants have accepted service.

## II. LEGAL ISSUES

The parties to this case are Plaintiff Kenneth Seaman and Defendants Unum Group and Unum Life Insurance Company of America. Plaintiff filed this action on June 21, 2007. Plaintiff asserts an individual claim for alleged failure by Defendants to pay all vested Paid Time Off ("PTO") under Cal. Labor Code § 227.3. Plaintiff also asserts a collective action claim under the Fair Labor Standards Act, 29 U.S.C. Section 201, alleging that he and a putative class of "Field Representatives with the primary duty of investigating disability claims" were misclassified as exempt employees. Plaintiff also alleges that he was misclassified and denied meal and rest breaks in violation of California law, and that his wage statements did not comply with California law. *See* Cal. Wage Order No. 4; Cal. Labor Code §§ 510 and 1194 (overtime); Cal. Wage Order No. 4-2001, Cal. Labor Code §§ 226.7, 512 (meal and rest periods); Cal. Wage Order No. 4, Cal. Labor Code §§ 226, 1174, 1174.5 (wage statements). Plaintiff also alleges waiting time penalties under California Labor Code §§ 202 and 203; and unfair business practices under California Business & Professions Code § 17200 *et seq*.

The collective action claims also invoke interpretation of the administrative exemption under the Fair Labor Standards Act as applied to Plaintiff, and to the extent that a collective action is certified, to the putative class members.

With respect to Plaintiff's individual claims, legal issues consist of: the extent to which Defendants were required to provide Plaintiff meal and rest breaks;

-2-
JOINT CASE MANAGEMENT STATEMENT
LA1 6664516.1

the extent to which any failure to pay wages at the time of Plaintiff's termination was willful; the extent of PTO (if any) owed to Plaintiff under Defendants' applicable policies; whether Defendants are responsible for PTO accrued by Plaintiff while employed by Paul Revere Companies; the effect of the termination of Plaintiff's employment with Paul Revere on his PTO claim; whether Plaintiff's PTO claim is barred in whole or in part by laches and/or the statute of limitations; whether, based on Plaintiff's job duties, Plaintiff was properly classified as an exempt employee under California and federal law; whether Defendants were responsible for paying Plaintiff overtime wages under California and federal law; and whether Defendants are liable for failure to provide Plaintiff itemized wage statements.

## III. FACTS

Plaintiff filed this action shortly after retiring from Unum Group on May 31, 2007, from his position as an Executive Field Consultant. Plaintiff served as a field investigator performing insurance claims investigations for over thirty years. Plaintiff initially was employed by Paul Revere Companies and then, following an acquisition, worked for Provident Companies, Inc. and UnumProvident, which is now Unum Group.

The principal factual issues in dispute are: the extent of overtime, if owed, that plaintiff worked; the amount of vacation owed, if any; whether or not he was provided the opportunity to take meal and rest periods and/or whether Plaintiff took meal and rest periods.

## IV. AMENDMENT OF PLEADINGS

Plaintiff does not currently anticipate the addition of parties or claims.

Defendants are going to request that Plaintiff dismiss Unum Life Insurance Company of America, which was not Plaintiff's employer.

-3-
JOINT CASE MANAGEMENT STATEMENT

LA1 6664516.1

## V. EVIDENCE PRESERVATION

The parties agree, during pendency of the litigation, to preserve all documents relevant to the subject matter of litigation, including, without limitation, electronic databases, internal and external emails and systems, and hard copy documents. Defendants affirm that appropriate steps have been taken to help ensure the preservation of potentially discoverable materials in this action.

## VI. DISCLOSURES

Initial disclosures including production of documents, persons and information pursuant to Rule 26 will be completed by November 16, 2007.

## VII. DISCOVERY

The parties exchanged documents in advance of their settlement meeting on October 30, 2007. The court has approved the parties' stipulated protective order regarding confidential information.

The parties anticipate written discovery and depositions, to be conducted within the time frames set forth below. *See infra*, Section XVII.

It is Defendants' position that discovery should be limited primarily to whether a collective action is appropriate until the court rules on any motion for conditional certification. Plaintiff requests that discovery commence forthwith on all issues, including Mr. Seaman's individual claims.

## VIII. CLASS ACTIONS

Plaintiff will move for a preliminary determination that the action may proceed as a collective action under section 216(b) of the Fair Labor Standards Act. Plaintiff will be prepared to file this motion in March 2008 and requests that the Court schedule a hearing date in May 2008.

Defendants intend to file a motion opposing conditional certification, and/or a motion to decertify the collective action, if conditional certification is granted.

## IX. RELATED CASES

The parties are not aware of any related cases pending.

## X. RELIEF

Plaintiff seeks unpaid wages including compensation for overtime and missed meal and break periods, unpaid vacation pay, waiting time penalties, penalties under California Labor Code § 226, interest, attorneys' fees and costs.

## XI. SETTLEMENT AND ADR

On September 6, 2007, the parties' counsel met to discuss potential settlement and the exchange of information to facilitate settlement. On October 30, 2007, the parties and counsel participated in a meeting to discuss settlement. The parties are continuing to conduct informal settlement discussions and, if necessary, will explore settlement with a private mediator. If the parties' further informal efforts do not succeed, Defendants would likely seek to depose Plaintiff to assist in positioning the parties to negotiate a resolution.

The parties filed a Stipulation and Proposed Order Selecting ADR Process in which they selected private ADR. The parties have filed their respective ADR certifications pursuant to ADR Local Rule 3-5.

## XII. CONSENT TO MAGISTRATE JUDGE

Defendants have filed a declination to proceed before a magistrate judge.

## XIII. OTHER REFERENCES

The parties do not currently believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

The parties are willing to discuss narrowing of issues by stipulation as to facts or legal issues, and potential bifurcation of issues, claims or defenses to facilitate efficient management of this case. The parties are unable to specify any particular issues that can be narrowed at this stage, but will continue to evaluate these concerns as the litigation progresses.

## XV. EXPEDITED SCHEDULE

The parties do not anticipate any expediting or streamlining of this case other than the agreed to procedures and scheduling set forth in this Joint Case Management Statement.

## XVI. MOTIONS

In addition to the motions referenced in Section VIII, Defendants anticipate bringing a motion for summary judgment with respect to both Plaintiff's individual claims and the putative collective action claims. If appropriate, Defendants may file a motion to sever an individual Plaintiff added to the case, and a motion to transfer venue. In addition, Plaintiff intends to file a motion for summary judgment.

## XVII. SCHEDULING AND TRIAL

The parties propose the following schedule:

    a.    Percipient Discovery – 60 days before trial;

    b.    Mutual Disclosure of Experts – 60 days before trial;

    c.    Supplemental Disclosure of Expert – 45 days before trial;

    d.    Close of Expert Discovery – 30 days before trial;

    e.    Last Day to Hear Dispositive Motions – 30 days before trial;

    f.    Joint Pretrial Statement due – 15 days before trial

    g.    Pretrial conference – 10 days before trial

In addition, Plaintiff will move for a preliminary determination that the action may proceed as a collective action under section 216(b) of the Fair Labor Standards Act. Plaintiff will be prepared to file this motion in March 2008 and requests that the Court schedule a hearing date in May 2008.

The parties propose that trial be set for early 2009. Plaintiff estimates the trial will take 5 days; Defendant estimates the trial will last 3-5 days if it is a single plaintiff action. Plaintiff has requested a jury trial. Defendant requests a bench trial.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed a Disclosure of Non-Party Interested Entities or Persons pursuant to Civil Local Rule 3-16. Each party hereby restates the contents of the filed Disclosures that each party certifies that, other than the named parties (Plaintiff Kenneth Seaman and Defendants Unum Group and Unum Life Insurance Company of America), there is no such interest to report.

DATED: November 9, 2007        Respectfully Submitted,

By  s/ Eileen C. Zorc
    Kenneth D. Sulzer
    Michael L. Gallion
    Lorraine H. O'Hara
    Eileen C. Zorc
    SEYFARTH SHAW LLP

Attorneys For Defendants UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA

DATED: November 8, 2007

By _____
    David Borgen
    Jinny Kim
    GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

    Burt Boltuch
    LAW OFFICES OF BURTON F. BOLTUCH

Attorneys for Plaintiff, KENNETH SEAMAN

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed a Disclosure of Non-Party Interested Entities or Persons pursuant to Civil Local Rule 3-16. Each party hereby restates the contents of the filed Disclosures that each party certifies that, other than the named parties (Plaintiff Kenneth Seaman and Defendants Unum Group and Unum Life Insurance Company of America), there is no such interest to report.

DATED: November 8, 2007        Respectfully Submitted,

By _____
Kenneth D. Sulzer
Michael L. Gallion
Lorraine H. O'Hara
Eileen C. Zorc
SEYFARTH SHAW LLP

Attorneys For Defendants UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA

DATED: November 8, 2007

By _____
David Borgen
Jinny Kim
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

Burt Boltuch
LAW OFFICES OF BURTON F. BOLTUCH

Attorneys for Plaintiff, KENNETH SEAMAN

-7-
JOINT CASE MANAGEMENT STATEMENT

LA1 6664516.1

# PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     ) ss
COUNTY OF LOS ANGELES )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On November 9, 2007, I served the within documents: **JOINT CASE MANAGEMENT STATEMENT**

☐     I sent such document from facsimile machine (310) 201-5219 on _____. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐     by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

**X**     Electronically by using the Court's ECF/CM System

| | |
|---|---|
| Burton Boltuch<br>Law Offices of Burton F. Boltuch<br>The 555 City Center Bldg.<br>555 12th St., Suite 1440<br>Oakland CA 94607<br>Tel: 510.844.3415<br>Fax: 510.444.3401 | David A. Borgen<br>Jinny Kim<br>Goldstein, Demchak, Baller, Borgen & Dardarian<br>300 Lakeside Drive, Suite 1000<br>Oakland CA 94612<br>Tel: 510.763.9800<br>Fax: 510.835.1417 |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the bar of this court whose direction the service was made; executed on November 9, 2007, at Los Angeles, California.

                                                                           /s/ Maritza Estrada