1  David Borgen (SBN 99354) dborgen@gdblegal.com
   Jinny Kim (SBN 208953) jkim@gdblegal.com
2  GOLDSTEIN, DEMCHAK, BALLER,
   BORGEN & DARDARIAN
3  300 Lakeside Drive, Suite 1000
   Oakland, CA 94612
4  Telephone: (510) 763-9800
   Facsimile: (510) 835-1417
5
   Burton Boltuch (SBN 70211) bboltuch@workplacelaw.biz
6  LAW OFFICES OF BURTON F. BOLTUCH
   The 555 City Center Building
7  555 12th Street, Suite 1440
   Oakland, CA 94607-4046
8  Telephone: (510) 844-3415
   Facsimile: (510) 444-3401
9
   Attorneys for Plaintiff
10 KENNETH SEAMAN

11 Kenneth D. Sulzer (SBN 120253) ksulzer@seyfarth.com
   Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
12 Lorraine H. O'Hara (SBN 170153) lohara@seyfarth.com
   Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
13 SEYFARTH SHAW LLP
   2029 Century Park East #3300
14 Los Angeles, CA 90067-3063
   Telephone: (310) 277-7200
15 Facsimile:  (310) 201-5219

16 Attorneys for Defendants
   UNUM GROUP and UNUM LIFE INSURANCE
17 COMPANY OF AMERICA

18

19                     UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21                         SAN FRANCISCO DIVISION

22 KENNETH SEAMAN, individually and ) Case No. CV 07-03260 MMC
   on behalf of those similarly situated, )
                                          ) **JOINT CASE MANAGEMENT**
23           Plaintiffs,                  ) **STATEMENT**
                                          )
24      v.                                ) Scheduling Conference
                                          ) Date: March 14, 2008
25 UNUM GROUP and UNUM LIFE               ) Time: 10:30 a.m.
   INSURANCE COMPANY OF                   )
26 AMERICA,                               )
                                          )
27           Defendants.                  )
                                          )
28 _____)

Joint Case Management Statement

LA1 6683386.1 / 24335-000023

Pursuant to Local Rule 16-9 and Federal Rules of Civil Procedure 26(f), Plaintiff Ken Seaman ("Plaintiff"), Unum Group and Unum Life Insurance Company of America (collectively "Defendants") submit the following Joint Case Management Statement:

## I. SETTLEMENT AND ADR

The parties have reached a settlement in principle in the case and have agreed on the monetary terms. The parties are working diligently on finalizing the non-monetary terms of the agreement and hope to have the settlement agreement finalized before the Case Management Conference on March 14th. We will inform the Court before the hearing if we still have not been able to finalize all issues. The parties will seek the Court's approval of the settlement and, if necessary, file any appropriate motion(s) no later than March 28, 2008.

## II. JURISDICTION AND SERVICE

This Court has original jurisdiction of the case under 28 U.S.C. § 1331. Defendants have accepted service.

## III. LEGAL ISSUES

The parties to this case are Plaintiff Kenneth Seaman and Defendants Unum Group and Unum Life Insurance Company of America. Plaintiff filed this action on June 21, 2007. Plaintiff asserts an individual claim for alleged failure by Defendants to pay all vested Paid Time Off ("PTO") under Cal. Labor Code § 227.3. Plaintiff also asserts a collective action claim under the Fair Labor Standards Act, 29 U.S.C. Section 201, alleging that he and a putative class of "Field Representatives with the primary duty of investigating disability claims" were misclassified as exempt employees. Plaintiff also alleges that he was misclassified and denied meal and rest breaks in violation of California law, and that his wage statements did not comply with California law. *See* Cal. Wage Order No. 4; Cal. Labor Code §§ 510 and 1194 (overtime); Cal. Wage Order No. 4-2001, Cal. Labor Code §§ 226.7, 512 (meal and rest periods); Cal. Wage Order No. 4,

1  Cal. Labor Code §§ 226, 1174, 1174.5 (wage statements).  Plaintiff also alleges
2  waiting time penalties under California Labor Code §§ 202 and 203; and unfair
3  business practices under California Business & Professions Code § 17200 *et seq*.
4      The collective action claims also invoke interpretation of the administrative
5  exemption under the Fair Labor Standards Act as applied to Plaintiff, and to the
6  extent that a collective action is certified, to the putative class members.
7      With respect to Plaintiff's individual claims, legal issues consist of:  the
8  extent to which Defendants were required to provide Plaintiff meal and rest breaks;
9  the extent to which any failure to pay wages at the time of Plaintiff's termination
10 was willful; the extent of PTO (if any) owed to Plaintiff under Defendants'
11 applicable policies; whether Defendants are responsible for PTO accrued by
12 Plaintiff while employed by Paul Revere Companies; the effect of the termination
13 of Plaintiff's employment with Paul Revere on his PTO claim; whether Plaintiff's
14 PTO claim is barred in whole or in part by laches and/or the statute of limitations;
15 whether, based on Plaintiff's job duties, Plaintiff was properly classified as an
16 exempt employee under California and federal law; whether Defendants were
17 responsible for paying Plaintiff overtime wages under California and federal law;
18 and whether Defendants are liable for failure to provide Plaintiff itemized wage
19 statements.
20 **IV.  FACTS**
21     Plaintiff filed this action shortly after retiring from Unum Group on May 31,
22 2007, from his position as an Executive Field Consultant.  Plaintiff served as a
23 field investigator performing insurance claims investigations for over thirty years.
24 Plaintiff initially was employed by Paul Revere Companies and then, following an
25 acquisition, worked for Provident Companies, Inc. and UnumProvident, which is
26 now Unum Group.
27     The principal factual issues in dispute are:  the extent of overtime, if owed,
28 that plaintiff worked;  the amount of vacation owed, if any; whether or not he was

-3-

provided the opportunity to take meal and rest periods and/or whether Plaintiff took meal and rest periods.

## V. EVIDENCE PRESERVATION

The parties have agreed, during pendency of the litigation, to preserve all documents relevant to the subject matter of litigation, including, without limitation, electronic databases, internal and external emails and systems, and hard copy documents. Defendants affirm that appropriate steps have been taken to help ensure the preservation of potentially discoverable materials in this action.

## VI. DISCLOSURES

Initial disclosures including production of documents, persons and information pursuant to Rule 26 have been completed.

## VII. DISCOVERY

The parties exchanged documents in advance of their settlement meeting on October 30, 2007. The Court has approved the parties' stipulated protective order regarding confidential information.

The parties engaged in written discovery in early February. The parties had scheduled depositions for February and March, but took all depositions off calendar because the parties agreed to settle the case.

## VIII. RELATED CASES

The parties are not aware of any related cases pending.

## IX. CONSENT TO MAGISTRATE JUDGE

Defendants filed a declination to proceed before a magistrate judge.

## X. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XI. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed a Disclosure of Non-Party Interested Entities or Persons pursuant to Civil Local Rule 3-16. Each party hereby restates the contents of the filed Disclosures that each party certifies that, other than the named parties (Plaintiff Kenneth Seaman and Defendants Unum Group and Unum Life Insurance Company of America), there is no such interest to report.

DATED: March 5, 2008       Respectfully Submitted,

By  /s/ Eileen C. Zorc
    Kenneth D. Sulzer
    Michael L. Gallion
    Lorraine H. O'Hara
    Eileen C. Zorc
    SEYFARTH SHAW LLP

Attorneys For Defendants UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA

DATED: March 5, 2008       By  /s/ David Borgen
    David Borgen
    Jinny Kim
    GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

    Burt Boltuch

    LAW OFFICES OF BURTON F. BOLTUCH

Attorneys for Plaintiff, KENNETH SEAMAN

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

DATED: March 5, 2008       Respectfully Submitted,
By   s/ Eileen C. Zorc
    Seyfarth Shaw LLP
Attorneys For Defendants UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA

LA1 6683386.1 / 24335-000023

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On March 7, 2008, I served the within documents:

**JOINT CASE MANAGEMENT STATEMENT**

X    Electronically by using the Court's ECF/CM System

| | |
|---|---|
| Burton Boltuch<br>Law Offices of Burton F. Boltuch<br>The 555 City Center Bldg.<br>555 12th St., Suite 1440<br>Oakland CA  94607<br>Tel:  510.844.3415<br>Fax: 510.444.3401 | David A. Borgen<br>Jinny Kim<br>Goldstein, Demchak, Baller, Borgen & Dardarian<br>300 Lakeside Drive, Suite 1000<br>Oakland CA  94612<br>Tel: 510.763.9800<br>Fax: 510.835.1417 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made; executed on March 7, 2008, at Los Angeles, California.

_____
M.C. Schnoebelen

LA1 6683386.1 / 24335-000023