1  Kenneth D. Sulzer (SBN 120253) ksulzer@seyfarth.com
   Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
2  Lorraine H. O'Hara (SBN 170153) lohara@seyfarth.com
   Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
3  SEYFARTH SHAW LLP
   2029 Century Park East #3300
4  Los Angeles, CA 90067-3063
   Telephone: (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendants
   UNUM GROUP and UNUM LIFE INSURANCE
7  COMPANY OF AMERICA

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12 KENNETH SEAMAN, individually and on      )  Case No. CV 07-03260 MMC
   behalf of those similarly situated,      )
                                            )  **DEFENDANTS' ADMINISTRATIVE**
13                                          )  **MOTION TO FILE UNDER SEAL THE**
            Plaintiffs,                     )  **PARTIES' CONFIDENTIAL**
                                            )  **SETTLEMENT AGREEMENT;**
14      v.                                  )  **DECLARATION OF MICHAEL**
                                            )  **GALLION**
15 UNUM GROUP and UNUM LIFE                 )
   INSURANCE COMPANY OF AMERICA,            )  [Local Rules 7-11, 7-95]
16                                          )  Date:  None
            Defendants.                     )  Time: None
17                                          )  Judge:  The Honorable Maxine Chesney
                                            )
18                                          )

19 _____

20

21

22

23 **I.  INTRODUCTION**

24        Pursuant to Civil Local Rule 7-11 and 79-5,  Defendants Unum Group and Unum Life

25 Insurance Company of America ("Defendants") hereby submit this administrative request for an

26 order placing under seal the Confidential Settlement Agreement and General Release

27 ("Settlement Agreement").  Defendants' request is made on the grounds that the Settlement

28
LA1 6686505.1 / 24335-000023

1   Agreement is a confidential document.  Such an order would enable Defendants to enforce the

2   terms of the parties' settlement without violating the express confidentiality provision agreed to

3   therein.

4   **II.  STATEMENT OF FACTS**

5          On June 21, 2007, Plaintiff filed this action against Defendants seeking damages for

6   alleged violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

7   ("FLSA"), individually and on behalf of those similarly situated, and individual California Labor

8   Code claims.  Defendants deny any wrongdoing under the FLSA, or any state statute, and deny

9   that they owe Plaintiff any compensation or associated penalties.  Following extensive

10  investigation and discovery as well as a series of meetings and teleconferences to resolve the

11  dispute, the Parties reached a settlement in this matter.  The Parties expressly agreed that the

12  settlement would be subject to a confidentiality provision that would include a liquidated

13  damages provision of $10,000 per violation.  As such the terms of the Parties' agreement will not

14  be recited herein.  (Declaration of Michael Gallion ("Gallion Decl.") ¶¶ 3-5.)  Plaintiff takes no

15  position as to the filing of the Settlement Agreement under seal.  *Id.* at ¶ 6.

16  **III.  LEGAL ANALYSIS**

17         Civil Local Rule 7-11 expressly permits motions for administrative relief to file

18  confidential documents under seal.  Rule 26(c)(7) of the Federal Rules of Civil Procedure

19  provides that the Court may "make any order which justice requires . . . including . . . that a trade

20  secret or other confidential research, development, or commercial information not be revealed or

21  be revealed only in a designated way."  A district court has broad discretion to maintain

22  documents under seal for good cause.  *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)

23  ("[e]very court has supervisory power over its own records and files"); *Jepsen v. Florida Bd. of*

24  *Regents*, 610 F.2d 1379, 1384 (5th Cir. 1980) (stating that where there is production of

25  confidential records, the court has a duty to limit the availability and use of the documents by

26  carefully drawn protective provisions); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir.

27

28
                                    -2-
_____
DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE PARTIES'
CONFIDENTIAL SETTLEMENT AGREEMENT; DECLARATION OF MICHAEL
GALLION – CV 07-03260 MMC

LA1 6686505.1 / 24335-000023

1   1995) (court-filed documents may be sealed if there is a risk they may be used for improper

2   purposes).

3        The foregoing request for an Order allowing the Parties' confidential Settlement

4   Agreement be filed under seal is based on good cause.  It is undisputed that the Parties expressly

5   agreed to keep the terms of this settlement confidential with an accompanying $10,000.00

6   liquidated provision for any violation.  (Gallion Decl., ¶¶ 3-5.)  As such, the parties specifically

7   bargained for this confidentiality provision and consider it material to their agreement.

8   Moreover, the terms of the settlement agreement do not concern matters of legitimate public

9   interest.  Therefore, if filed with the Court, the documents should be filed under seal.  *Pansy v.*

10  *Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) ("if a case involves private litigants,

11  and concerns matters of little legitimate public interest, that should be a factor weighing in favor

12  of granting or maintaining an order of confidentiality").

13       The Parties have separately filed a Joint Motion for Approval of Settlement Agreement

14  and Dismissal of Lawsuit, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

15  1352-55 (11th Cir. 1982).  *Lynn's Food* requires that claims for back wages arising under the

16  FLSA may be settled or compromised only with the approval of the United States District Court

17  or the Secretary of Labor.  Accordingly, the Court must review the Settlement Agreement;

18  however, the confidentiality of the Parties' settlement agreement will inevitably be compromised

19  if regularly filed.  The Parties' interest in maintaining the confidentiality of the settlement

20  amount here outweighs any interest in public disclosure.  The Motion is narrowly tailored to

21  promote the Parties' interest.  (Gallion Decl. ¶ 5.)  Therefore, Defendants request that the Court

22  grant this request to file the Settlement Agreement under seal.

23       If the Court is not inclined to grant Defendants' request, Defendants request the ability to

24  promptly re-file an administrative request under Local Rule 79-5(c) to file the Settlement

25  Agreement with the monetary sections redacted and to file under seal the monetary amounts

26  stated in the Settlement Agreement.

27  / /

28
     -3-
     DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE PARTIES'
     CONFIDENTIAL SETTLEMENT AGREEMENT; DECLARATION OF MICHAEL
     GALLION – CV 07-03260 MMC

1  **IV.  <u>CONCLUSION</u>**

2    For the foregoing reasons,  Defendants request that the Court grant Defendants' request

3  to file the Settlement Agreement under seal.

4

5  DATED:  March 28, 2008     Respectfully Submitted,

6                 By  /s Michael L. Gallion

7                    Michael L. Gallion
                     Seyfarth Shaw LLP

8                 Attorneys For Defendants UNUM GROUP and
                  UNUM LIFE INSURANCE COMPANY OF

9                 AMERICA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-
DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE PARTIES'
CONFIDENTIAL SETTLEMENT AGREEMENT; DECLARATION OF MICHAEL
GALLION – CV 07-03260 MMC

**DECLARATION OF MICHAEL GALLION**

I, Michael Gallion, declare:

1.      I am a partner at Seyfarth Shaw LLP, attorneys for Defendants Unum Group and Unum Life Insurance Company of America in the above-captioned action.  I make these statements based on personal knowledge and would so testify if called as a witness at trial.

2.      This Declaration is submitted in support of Defendants' Administrative Motion to File Under Seal the Parties' Confidential Settlement Agreement ("Motion").

3.      Following extensive investigation and discovery as well as a series of meetings and teleconferences to resolve the dispute, the Parties reached a settlement in this matter.

4.      The parties expressly agreed that the settlement would be subject to a confidentiality provision that would include a liquidated damages provision of $10,000 per violation.

5.      The Parties' interest in maintaining the confidentiality of the settlement amount here outweighs any interest in public disclosure.  The Motion is narrowly tailored to promote the Parties' interest.  The Parties have separately filed a Joint Motion for Approval of Settlement Agreement and Dismissal of Lawsuit, and the Parties have not requested that the Joint Motion or any supporting declarations be file under seal.

6.      On March 25, 2008, Defendants' counsel conferred with Plaintiff's counsel regarding the filing of this Motion.  Plaintiff takes no position as to the filing of the Settlement Agreement under seal, but declined to sign a stipulation.

I declare, under penalty of perjury, under the laws of the State of California and the United States that the foregoing is true and correct.  Executed this 28th day of March, 2008 at Los Angeles, California.

_____/s Michael Gallion_____
Michael Gallion

-5-
DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE PARTIES' CONFIDENTIAL SETTLEMENT AGREEMENT; DECLARATION OF MICHAEL GALLION – CV 07-03260 MMC

LA1 6686505.1 / 24335-000023