1  David Borgen (SBN 99354) dborgen@gdblegal.com
   Jinny Kim (SBN 208953) jkim@gdblegal.com
2  GOLDSTEIN, DEMCHAK, BALLER,
   BORGEN & DARDARIAN
3  300 Lakeside Drive, Suite 1000
   Oakland, CA 94612
4  Telephone: (510) 763-9800
   Facsimile: (510) 835-1417
5
   Burton Boltuch (SBN 70211) bboltuch@workplacelaw.biz
6  LAW OFFICES OF BURTON F. BOLTUCH
   The 555 City Center Building
7  555 12th Street, Suite 1440
   Oakland, CA 94607-4046
8  Telephone: (510) 844-3415
   Facsimile: (510) 444-3401
9
   Attorneys for Plaintiff
10 KENNETH SEAMAN

11 Kenneth D. Sulzer (SBN 120253) ksulzer@seyfarth.com
   Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
12 Lorraine H. O'Hara (SBN 170153) lohara@seyfarth.com
   Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
13 SEYFARTH SHAW LLP
   2029 Century Park East #3300
14 Los Angeles, CA 90067-3063
   Telephone: (310) 277-7200
15 Facsimile:  (310) 201-5219

16 Attorneys for Defendants
   UNUM GROUP and UNUM LIFE INSURANCE
17 COMPANY OF AMERICA

18                     UNITED STATES DISTRICT COURT
19                    NORTHERN DISTRICT OF CALIFORNIA
20                         SAN FRANCISCO DIVISION
21

22 | KENNETH SEAMAN, individually and on behalf of those similarly situated, | Case No. CV 07-03260 MMC |
|---|---|
|              Plaintiffs, | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF LAWSUIT** |
|         v. | Date: April 11, 2008<br>Time: 9:00 a.m. |
| UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
|              Defendants. | (Declarations of Michael Gallion and David Borgen filed concurrently) |

JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND DISMISSAL OF LAWSUIT – CV 07-03260 MMC

LA1 6686439.1 / 24335-000023

Plaintiff Kenneth Seaman ("Plaintiff") and Defendants Unum Group and Unum Life Insurance Company of America ("Defendants") (collectively the "Parties"), by and through the undersigned counsel, hereby file this joint motion for the Court's approval of their settlement agreement in this matter and dismissal of this lawsuit.

## I. PRELIMINARY STATEMENT

On June 21, 2007, Plaintiff filed this action against Defendants seeking damages for alleged violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), individually and on behalf of those similarly situated, and individual California Labor Code claims. Defendants deny any wrongdoing under the FLSA, or any state statute, and deny that they owe Plaintiff any compensation or associated penalties.

The action has remained a single plaintiff action, as no motion for collective action certification has been made or considered by the Court. Moreover, since the Complaint was filed, no additional individuals have filed consents to join the lawsuit. After extensive investigation and discovery, Plaintiff acknowledges (and Defendants agree) that this case is not suitable for conditional certification. In order to avoid the costs and uncertainty of litigation, the Parties have negotiated settlement in this matter that is fair, reasonable and satisfactory to both sides.

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the United States District Court or the Secretary of Labor. Because Plaintiff elected to litigate his FLSA claims against Defendants in the United States District Court, the Parties request that the Court approve their settlement, the terms of which are set forth more fully in the settlement agreement, which has been filed concurrently with Defendants' Administrative Motion to File Under Seal the Parties' Confidential Settlement Agreement.[1] Pursuant to the

---

[1] As Defendants have stated in their Administrative Motion, filed separately on March 27, 2008 under Local Rule 79-5, if the Court is not inclined to grant Defendants' Miscellaneous Administrative Request, Defendants request the ability to promptly re-file an administrative request to file the Settlement Agreement with the monetary sections redacted, pursuant to under Local Rule 79-5(c).

-2-

settlement reached by the Parties, Plaintiff is receiving fair, adequate, and reasonable recovery as to his claims in this action.

The Parties request the Court retain jurisdiction of this action for a period of one hundred and twenty calendar days to enforce, if necessary, the terms of the Settlement Agreement. The Clerk of the Court shall enter this case closed at the expiration of said time period, or earlier if jointly notified in writing by counsel for the Parties.

## II. STATEMENT OF FACTS

### A. Plaintiff Filed Six Individual Claims and One Collective Claim

Plaintiff filed this action on June 21, 2007, shortly after retiring from Unum Group on May 31, 2007, from his position as an Executive Field Consultant. Plaintiff served as a field investigator performing insurance claims investigations for over thirty years.

The First Amended Complaint alleges seven (7) causes of action: 1) failure to pay required overtime under the FLSA; 2) failure to pay required overtime under California law; 3) failure to provide wage statements under California Wage Order No. 4, California Labor Code §§ 226, 1174, 1174.5; 4) failure to provide meal and rest periods under California Wage Order No. 4-2001, California Labor Code §§ 226.7, 512; 5) failure to pay vested vacation time under California Labor Code § 227.3; 6) waiting time penalties under California Labor Code §§ 202 and 203; and 7) unfair business practices under California Business & Professions Code § 17200. Only the first cause of action under the FLSA seeks to include others similarly situated. The remaining six (6) causes of action are applicable only to Plaintiff.

The first cause of action alleging misclassification and failure to pay required overtime under the FLSA, which is pled as a national and collective action claim, purports to include "[a]ll persons who give their consent in writing to become party-plaintiffs and who have been employed as Field Representatives by Defendants at any time during the three (3) years prior to the filing of their respective Consent to Sue forms." Plaintiff defines "Field Representatives" as "Defendants' similarly situated employees who have been and/or are sometimes referred to as

-3-
JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND DISMISSAL OF LAWSUIT – CV 07-03260 MMC

LA1 6686439.1 / 24335-000023

'Field Representatives,' 'Field Consultants,' 'Field Investigators,' and 'Executive Field Consultants.'"

**B.      Extensive Discovery and Investigation Demonstrated the Inappropriateness of Collective Action**

Prior to the filing of Plaintiff's lawsuit, and continuing during its pendency, Plaintiff undertook a diligent investigation of the allegations underlying the lawsuit.[2] Declaration of David Borgen, filed concurrently, ¶ 7. The Parties have completed substantial discovery in the matter, including initial disclosures, extensive informal discovery and formal written discovery and production of documents. *Id.* at ¶¶ 7-8. Plaintiff's counsel obtained contact information for putative class members and attempted to discuss the lawsuit with them. Plaintiff's counsel ultimately was unable to generate any interest among putative class members, however. *Id* at ¶ 7.

Other factors contributed to the conclusion that a collective action was inappropriate in this case. For example, Defendants produced to Plaintiff declarations obtained from a majority of putative class members, whose statements set forth facts largely inconsistent with collective treatment. Indeed, many declarants indicated directly that they did not want to be part of the class. Declaration of Michael Gallion, filed concurrently, ¶ 4. Moreover, since the Complaint was filed, no additional individuals have filed consents to join the lawsuit. *Id.* Both current and former employees who are putative class members expressed virtually no interest in challenging their status as salaried exempt employees, or in cooperating with Plaintiff in the prosecution of the case. Absent such cooperation, a successful outcome for Plaintiff, much less the putative class as a whole, is highly unlikely. Borgen Decl. ¶ 7. Therefore, a decision was made to proceed solely with Plaintiff's individual claims. *Id.*

Following extensive negotiation and investigation of Plaintiff's claims, and after discussing the matter fully with Plaintiff and with his full awareness of his rights, Plaintiff and his counsel agreed to dismiss the matter with prejudice in exchange for the consideration set

---

[2] Plaintiff's counsel has extensive experience in wage and hour class actions in California. Declaration of David Borgen ¶ 4.

-4-

forth in the Settlement Agreement, which has been filed separately under Local Rule 79-5. Borgen Decl. ¶ 9.

## III. LEGAL ANALYSIS

### A. The Court is Authorized to Approve the Settlement

Employees cannot waive claims for unpaid overtime under the FLSA; therefore, in order to ensure that the employer is relieved of liability in the context of a negotiated settlement agreement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor as provided by 29 U.S.C. section 216(c), or must be approved by the District Court. *See Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586 *3 (E.D. Cal. Jan. 26, 2007), citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

When an employee brings a private action for back wages under the FLSA, and thereafter presents to the District Court a proposed settlement, the District Court may enter a stipulated judgment after reviewing the settlement for fairness. *Id.* at 1353. If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the district court may approve the settlement in order to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. The district court's role, in reviewing "what is otherwise a private consensual agreement negotiated between the parties to a lawsuit, must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982). This requires a balancing of factors "which may include, among others, some or all of the following":

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

-5-
JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND DISMISSAL OF LAWSUIT – CV 07-03260 MMC

LA1 6686439.1 / 24335-000023

*Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). The degree of importance attached to each factor is determined by the nature of the claim, the type of relief sought, and the facts and circumstances of each case. *See Officers for Justice*, 688 F.2d at 625.

### B.   The Court Should Approve the Settlement Because It Is Fair and Reasonable

In this action, Plaintiff alleges violations of the FLSA, individually and on behalf of those similarly situated, and individual California Labor Code claims. The Parties have now agreed to settle this dispute, as set forth more fully in the Settlement Agreement, which has been filed separately under Local Rule 79-5.

The Settlement Agreement represents a fair and equitable resolution of this matter given the facts of this case, as well as the complex and numerous legal issues involved. The Parties recognize that the FLSA claim should not proceed on a collective basis and have agreed to the terms of a settlement between Plaintiff individually and Defendants. *See* Borgen Decl. ¶¶ 7-9. Under 29 U.S.C. § 216(b), an individual is not considered part of an FLSA collective action, and is not bound by the court's decision in that action, unless and until he opts in. Thus, there is no prejudice to putative class members by this settlement of Plaintiff's claims. *See Lombardi v. Altemose Constr. Co.*, 69 F.R.D. 410 (E.D. Pa. 1975).

The Parties agree that the terms of the settlement will bestow substantial benefits to Plaintiff, especially in light of the uncertainty regarding Plaintiff's recovery. Liability under the FLSA was a contested issue, with Defendants strongly contesting Plaintiff's arguments that Plaintiff was misclassified as an exempt employee under the administrative exemption.[3] Since there is no case law directly on point and the law on this area is sparse, the outcome of any litigation was unclear for either Plaintiff or Defendants. In addition, even if liability were

---

[3] The FLSA contains various exemptions from its requirement that employers pay their employees time and a half for work in excess of 40 hours per week, including, in particular, an exemption for "any employee employed in a bona fide . . . administrative . . . capacity." *See In re Farmers Insurance Exchange*, 466 F.3d 853, 858-59 (9th Cir. 2006); *see also* 29 U.S.C. § 213(a)(1).

established, Plaintiff would have difficulty establishing that he consistently worked in excess of forty (40) hours per week and/or eight (8) hours per day.

Further, the settlement is fair and reasonable given the substantial risk of further litigation. "The expense and possible duration of the litigation should be considered in evaluating the reasonableness of [a] settlement." *See In re Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 458 (9th Cir. 2000). As described above, the Parties had significant legal and factual disputes, which would have been hotly contested.

Further, the settlement is fair and reasonable because the amount offered in settlement is reasonable, as set forth in the Settlement Agreement, filed separately under Local Rule 79-5.

Finally, the settlement is fair and reasonable given that at all times Plaintiff has been adequately represented by counsel with significant experience in wage and hour litigation. *See* Borgen Decl.¶ 4.

**C.    The Terms of the Settlement**

In light of the risks facing both parties in proceeding through litigation, the Parties have agreed to settle Plaintiff's claims, including Plaintiff's FLSA claims, on the following terms, including but not limited to:

1.    Defendants' agreement to pay Plaintiff a settlement amount (as described in the Settlement Agreement, filed separately under Local Rule 79-5). The settlement amount includes, without limitation, payment to Plaintiff for alleged overtime work performed in any day (if applicable) and/or in any workweek. The settlement amount also includes payment of attorneys' fees and costs (the reasonableness of which are described in the declaration of Plaintiff's counsel attached hereto).

2.    Defendants' denial of liability or wrongdoing under the FLSA, any state statute, and all other applicable law.

3.    Plaintiff and Defendants' agreement to dismiss this action with prejudice.

4.    The Court's retention of jurisdiction of this action for a period of one hundred and twenty calendar days to enforce, if necessary, the terms of the Settlement Agreement. The Clerk

-7-

JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND DISMISSAL OF LAWSUIT – CV 07-03260 MMC

LA1 6686439.1 / 24335-000023

1  of the Court shall enter this case closed at the expiration of said time period, or earlier if jointly
2  notified in writing by counsel for the Parties.
3       5.     The terms of the Settlement Agreement are contingent upon a finding by the
4  Court that the settlement represents a fair and equitable resolution of this action. *Lynn's Food*
5  *Stores, Inc., supra*, 679 F.2d at 1354. Accordingly, the Parties respectfully request that the Court
6  make such a determination with respect to the terms set forth in the Settlement Agreement and
7  enter the proposed Order Granting Joint Motion to Approve Settlement Agreement and Dismiss
8  Lawsuit, filed concurrently herewith.

## IV. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court find that the settlement represents a fair and equitable resolution of this action and enter the proposed Order Granting Joint Motion to Approve Settlement Agreement and Dismiss Lawsuit, filed concurrently herewith.

DATED: March 28, 2008　　　　　　Respectfully Submitted,

By  /s Michael L. Gallion
    Michael L. Gallion
    Seyfarth Shaw LLP
Attorneys For Defendants UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA

DATED: March ___, 2008　　　　　　By _____
    David Borgen
    Jinny Kim
    GOLDSTEIN, DEMCHAK, BALLER,
      BORGEN & DARDARIAN

    Burt Boltuch

    LAW OFFICES OF BURTON F. BOLTUCH

Attorneys for Plaintiff, KENNETH SEAMAN