IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SEAMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendants<br>_____ / | No. C-07-3260 MMC<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S ADMINISTRATIVE MOTION TO FILE SETTLEMENT AGREEMENT UNDER SEAL; AFFORDING PARTIES OPPORTUNITY TO SUPPLEMENT JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT; CONTINUING HEARING** |

Before the Court are two motions, both filed March 28, 2008: (1) defendants' "Administrative Motion to File Under Seal the Parties' Confidential Settlement Agreement"; and (2) the parties' "Joint Motion for Approval of Settlement Agreement and Dismissal of Lawsuit." Having read and considered the papers submitted in support of each of the above-referenced motions,[1] the Court rules as follows.

**A. Motion to File Under Seal**

Defendants identify no cognizable basis upon which to file the settlement agreement under seal. First, the settlement agreement's inclusion of a provision for confidentiality is, standing alone, insufficient. See Civil L.R. 79-5(a) (providing parties' stipulation that

---

[1] Defendants represent that plaintiff has taken no position with respect to defendants' motion to file the settlement agreement under seal.

1  document is sealable "will not suffice to allow the filing of documents under seal").  Second,
2  defendant's reliance on <u>Pansy v. Borough of Stroudsburg</u>, 23 F. 3d 772 (3rd Cir. 1994) is
3  unavailing.  Although the Third Circuit stated therein that "if a case involves private litigants,
4  and concerns matters of little legitimate public concern, that should be a factor weighing in
5  favor of granting or maintaining an order of confidentiality," <u>see</u> <u>id.</u> at 788, the Third Circuit
6  also held that where a settlement agreement is filed, "it should be released by the district
7  court itself under the right of access doctrine," <u>see</u> <u>id.</u> at 781, unless the parties, at a
8  minimum, make a "particularized showing of the need for confidentiality," <u>see</u> <u>id.</u> at 788
9  (requiring court to engage in "balancing process"; noting particularized need for
10 confidentiality is "only one factor").

11       Accordingly, defendants' administrative motion is DENIED.

12       Defendants shall, no later than April 11, 2008, either (1) file in the public record the
13 settlement agreement, or (2) to the extent defendants wish to submit a motion that seeks
14 leave to file under seal only the "monetary amounts" stated in the settlement agreement,
15 (<u>see</u> Defs.' Admin. Mot. at 3:23-26), file a motion that explains why the monetary amounts
16 constitute "sealable material."

17 **B.  Motion for Approval**

18       Although the parties jointly request the Court "scrutinize the settlement for fairness,"
19 <u>see</u> <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F. 2d 1350, 1353 (11th Cir. 1982), the
20 parties have not provided sufficient information to enable the Court to meaningfully engage
21 in such an assessment.  Specifically, the parties have failed to provide any information as
22 to the amount of overtime compensation, penalties, and interest claimed herein by plaintiff,
23 and, consequently, the Court is unable to properly consider one of the most significant
24 factors, "the amount offered in settlement."  <u>Cf.</u> <u>In re Mego Financial Corp. Securities Litig.</u>,
25 213 F. 3d 454, 459 (9th Cir. 2000) (observing parties provided district court with specific
26 amount plaintiff claimed so as to allow district court to compare amount claimed with the
27 //
28 //

amount offered in settlement).[2]  Further, the parties have not explained the basis for their assertion that there is "uncertainty regarding [p]laintiff's recovery" because "the law on this area is sparse," (see Joint Mot. at 6:20-23), and, consequently, the Court is unable to properly consider other significant factors, specifically, "the strength of the plaintiff's case" and its bearing on "the risk, expense, complexity, and likely duration of further litigation." See In re Mego Financial Corp. Securities Litig., 213 F. 3d at 458-59.

Accordingly, the Court will afford the parties the opportunity to file, no later than April 11, 2008, a joint supplemental brief, not to exceed five pages in length exclusive of exhibits, in support of the Joint Motion for Approval.

**C.  Hearing**

The hearing on the Joint Motion for Approval is CONTINUED from April 11, 2008 to April 25, 2008, at 9:00 a.m.[3]

**IT IS SO ORDERED.**

Dated:  April 2, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] The Ninth Circuit has not considered whether to adopt the Eleventh Circuit's requirement that a district court approve the settlement of a claim filed under the Fair Labor Standards Act, and, as a result, has not specified the factors relevant to the Court's determination in such cases.  The parties suggest that the Court consider the factors weighed by a district court when determining the fairness of a proposed class action settlement.  See id. at 458 (setting forth factors).

[3] If the parties determine it is unnecessary to seek court approval of their settlement, the parties shall, no later than April 11, 2008, file a notice to so inform the Court.  Further, in any such notice, the parties shall indicate whether they consent to entry of an order conditionally dismissing the matter, such order to state:  "The parties having advised the Court that they have agreed to a settlement of the above-titled action, IT IS HEREBY ORDERED that plaintiff's claims alleged herein be dismissed without prejudice; provided, however, that if any party hereto shall certify to this Court, within ninety, with proof of service of a copy thereon on opposing counsel, that the agreed consideration for the settlement has not been delivered, the foregoing order shall stand vacated and the action shall forthwith be restored to the calendar to be set for trial."