Kenneth D. Sulzer (SBN 120253) ksulzer@seyfarth.com
Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
Lorraine H. O'Hara (SBN 170153) lohara@seyfarth.com
Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East #3300
Los Angeles, CA 90067-3063
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendants
UNUM GROUP and UNUM LIFE INSURANCE
COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KENNETH SEAMAN, individually and on behalf of those similarly situated, | Case No. CV 07-03260 MMC |
| Plaintiffs, | **DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE PARTIES' CONFIDENTIAL SETTLEMENT AGREEMENT; DECLARATION OF MICHAEL GALLION** |
| v. | |
| UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendants. | [Local Rules 7-11, 7-95]<br>Date:  None<br>Time: None<br>Judge:  The Honorable Maxine Chesney |

I.    **INTRODUCTION**

Pursuant to Civil Local Rule 7-11 and 79-5 and the Court's Order dated April 2, 2008, Defendants Unum Group and Unum Life Insurance Company of America ("Defendants") hereby submit this administrative request for an order placing under seal only the monetary amounts of the parties' Confidential Settlement Agreement and General Release ("Settlement Agreement"). Defendants' request is made on the grounds that a balancing of interests favors maintaining the confidentiality of the monetary terms.  Regardless of the Court's determination of this issue, of course, Defendants request that the settlement be approved at the April 25 hearing.

In the first instance, the requirement of confidentiality constitutes a material term of the settlement of the matter.  Moreover, the need for confidentiality is particularly pressing in this case, as the matter was filed and initially prosecuted as a putative collective action on behalf of a class of similarly-situated individuals to Plaintiff, asserting a single collective cause of action for failure to pay overtime under the Fair Labor Standards Act ("FLSA"), in addition to individual claims for wage-hour violations under California law.   No putative class member opted into the case or expressed any interest in doing, and the case was settled with Plaintiff, for all of his state law claims as well as the FLSA cause of action.  Although the parties agreed that the case was not suitable to proceed as a multi-Plaintiff action, the financial terms of the settlement, if made public, could possibly be of particular interest to other putative class members, despite the absence of a viable collective action.  This fact is particularly prejudicial to Defendants because the value of the only cause of action pled as a class claim (the FLSA claim) constitutes only a fraction of the total settlement amount, and this total amount could mislead other former putative class members if they became aware of it.

Therefore, the unique factual circumstances present in this action justify Defendants' request for the monetary amounts reached by the parties in this action to be filed under seal and remain confidential.  In the alternative, Defendants request that the Court view a filed, unredacted copy of the settlement agreement, but that it not be placed with the Court's Order regarding approval of the settlement.

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE PARTIES'
CONFIDENTIAL SETTLEMENT AGREEMENT; DECLARATION OF M. GALLION – CV 07-03260 MMC
LA1 6688725.1 / 24335-000023

II.    **FACTUAL SUMMARY**

On June 21, 2007, Plaintiff filed this action against Defendants, alleging seven (7) causes of action, including six causes of action pursuant to California state law brought on behalf of Plaintiff only (including failure to pay overtime, provide wage statements, failure to provide meal and rest periods, failure to pay vested vacation pay, waiting time penalties, and unfair business practices), and a claim for alleged violations of FLSA, individually and on behalf of those similarly situated.  Defendants denied (and deny) any wrongdoing under the FLSA, or any state statute, and denied that they owe Plaintiff any compensation or associated penalties. Defendants also denied that the action was suitable for collective treatment; the putative class in the matter consisted of fifty-two (52) individuals who held the same position with Defendants during the class period.   (Declaration of Michael Gallion ("Gallion Decl.") ¶ 3.).

Despite the best efforts of counsel for Plaintiff and the putative class, not a single putative class member opted in to the action, or (to Defendants' knowledge) expressed any interest in doing so.  Defendants obtained declarations from forty-four (44) putative class members, setting forth their job duties and, in some cases, expressing their lack of interest and support for the lawsuit. (Gallion Decl. ¶ 4.)  Ultimately, counsel for the parties agreed that the action should not proceed as a collective action, but was only appropriate to prosecute on behalf of Plaintiff individually.   (*Id.* at ¶ 4.)

Thereafter, following extensive investigation and discovery as well as a series of meetings and teleconferences to resolve the dispute, the Parties reached a settlement in this matter.  The Parties expressly agreed as a material term of the settlement that it would be subject to a confidentiality provision that would include a liquidated damages provision of $10,000 per violation. (Gallion Decl. ¶ 5.)  Plaintiff takes no position regarding the filing of the Settlement Agreement under seal. (*Id.* at ¶ 7.)

III.    **LEGAL ANALYSIS**

    A.    **The Court Can Order Documents to be Filed Under Seal Where Appropriate.**

        Civil Local Rule 7-11 expressly permits motions for administrative relief to file confidential documents under seal. Rule 26(c)(7) of the Federal Rules of Civil Procedure provides that the Court may "make any order which justice requires . . . including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." A district court has broad discretion to maintain documents under seal for good cause. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) ("[e]very court has supervisory power over its own records and files"); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384 (5th Cir. 1980) (stating that where there is production of confidential records, the court has a duty to limit the availability and use of the documents by carefully drawn protective provisions); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) (court-filed documents may be sealed if there is a risk they may be used for improper purposes).

        It is uncontroverted that the Court has the authority to grant Defendants' Motion; indeed, the Court's April 2 Order makes clear that the Court will grant this Motion for filing under seal upon the presentation of a "particularized showing" for such a request. That particularized need exists in this case.

    B.    **Filing Under Seal Is Necessary to Preserve the Integrity of the Settlement.**

        The Parties have separately filed a Joint Motion for Approval of Settlement Agreement and Dismissal of Lawsuit, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). *Lynn's Food* requires that claims for back wages arising under the FLSA may be settled or compromised only with the approval of the United States District Court or the Secretary of Labor. Accordingly, the Court must review the Settlement Agreement; however, the confidentiality of the Parties' settlement agreement in this case will inevitably be compromised if it is filed according to normal procedure.

1    Further, the public itself has an interest in the early, efficient resolution of cases. For this

2    reason, evidence of settlements or offers of settlement are ordinarily not admissible in federal

3    proceedings. *See* Fed. R. Evid. 408 and advisory committee note thereto; Fed. R. Civ. P. 68.

4    Honoring the parties' express wish for confidentiality may facilitate settlement, which courts are

5    bound to encourage. *See Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856-57 (2d Cir. 1998)

6    (approving the sealing of settlement documents and drafts because of, inter alia, the court's

7    responsibility to encourage and facilitate settlements: "There is no question that fostering

8    settlement is an important Article III function of the federal district court.") If, in interpreting

9    *Lynn's Foods*, courts require parties to file the settlement agreement to obtain the court approval,

10   while denying requests to seal portions of the settlement agreements, then parties may have more

11   difficulty in efficiently resolving FLSA actions. As a result, more FLSA cases may consume the

12   court's time and the public's resources than would otherwise be the case.

13       The confidentiality provision of the Agreement, it bears noting, applies to the settlement

14   of all Plaintiff's claims, not solely the FLSA cause of action requiring Court approval. The

15   disclosure of the financial terms, however, would disclose the collective resolutions of all of the

16   claims, and would thwart the Parties' agreement to keep the terms of the settlement confidential.

17   If the disclosure were limited to a simple FLSA claim, the effect would be less intrusive; in this

18   case, however, the presence of the FLSA claim would result in the disclosure of the monetary

19   terms of unrelated claims. Defendants respectfully request that this result be avoided.

20              1.    **The case was brought (but not pursued) as a collective action.**

21       The request for an Order allowing the Parties' confidential Settlement Agreement be filed

22   under seal is particularly necessary in this case. In the first instance, it is undisputed that the

23   Parties expressly agreed to keep the terms of this settlement confidential with an accompanying

24   $10,000.00 liquidated provision for any violation. (Gallion Decl., ¶¶ 3-5.) As such, the parties

25   specifically bargained for this confidentiality provision and consider it material to their

26   agreement.

27

28

1     In addition, however, this case was originally pled and, and initially prosecuted, as a

2 collective action on behalf of a relatively small class of 52 individuals, many of them long-time

3 employees of Defendants. Through considerable investigation by counsel for both Parties

4 (including interviews with dozens of putative class members and the collection of 44

5 declarations), it was mutually agreed that the case was not suitable for collective treatment, and

6 that the sole collective claim under the FLSA should proceed only with respect to Plaintiff.

7 (Gallion Decl. ¶ 4.)

8     Defendants are concerned that despite the determination of the parties that the case is not

9 suitable for collective treatment, other past and current employees of Defendants would get a

10 distorted and biased view of the case if they had access to the precise monetary amounts of the

11 settlement. Those amounts, after all, include amounts devoted not only to the FLSA claim, but

12 to all of Plaintiff's state law claims as well, which were never pled as collective claims. The

13 disclosure of the total amount of the settlement would, Defendants believe, give putative class

14 members an inaccurate view of the value of the FLSA claim. Moreover, it would provide the

15 opportunity for other employees to attempt to use the distorted figure as leverage on other causes

16 of action with no similarity to those brought by Plaintiff. The disclosure of this information

17 could prove extremely prejudicial to Defendants. The Parties reached the right result in pursuing

18 the FLSA claim on behalf of Plaintiff alone. Public disclosure of the total settlement amount

19 should not be permitted to jeopardize that result.

20     **C.     The Monetary Terms of the Settlement Do Not Invoke A Public Interest.**

21     Moreover, while fostering settlement in this case is clearly in the public interest, the exact

22 monetary terms of the settlement agreement do not concern matters of legitimate public interest.

23 Indeed, they could only be misleading. As noted above, other past and current employees of

24 Defendants could gain an inaccurate view of the claims of Plaintiff (in particular, the value of the

25 FLSA claim, the sole collective claim), based on the total amount paid to resolve his claims.

26     In addition, as only the financial terms would be redacted, while the remainder of the

27 settlement agreement will remain public, the key facts surrounding the settlement, and the nature

28

-6-

1  of the lawsuit, will remain open to the public.  Thus, the Motion is narrowly tailored to reflect

2  the balance between the public and the private interest.  (Gallion Decl. ¶ 6.)  Other Courts have

3  similarly granted requests to file under seal certain limited portions of settlement agreements.

4  *See Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT (D. Ariz. Oct. 10, 2007) (granting a

5  motion to seal documents including documents that state provisions of the parties' settlement

6  agreement under the FLSA); *see* Request for Judicial Notice, filed concurrently.

7      Therefore, Defendants request that the Court grant this request to file only the monetary

8  amounts of the Settlement Agreement under seal.

9  **IV.    CONCLUSION**

10      For the foregoing reasons,  Defendants request that the Court grant Defendants' request

11  to file under seal the stated portions of the parties' Settlement Agreement.  In the alternative,

12  Defendants request that the unredacted copy of the Settlement Agreement not be placed in the

13  file alongside the Court's Order.

14

15  DATED: April 11, 2008                      Respectfully Submitted,

16                                             By   /s Michael L. Gallion
                                                   Michael L. Gallion
17                                                 Seyfarth Shaw LLP
                                                   Attorneys For Defendants UNUM GROUP and
18                                                 UNUM LIFE INSURANCE COMPANY OF
                                                   AMERICA

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE PARTIES'
CONFIDENTIAL SETTLEMENT AGREEMENT; DECLARATION OF M. GALLION – CV 07-03260 MMC
LA1 6688725.1 / 24335-000023

## DECLARATION OF MICHAEL GALLION

I, Michael Gallion, declare:

1.    I am a partner at Seyfarth Shaw LLP, attorneys for Defendants Unum Group and Unum Life Insurance Company of America in the above-captioned action. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

2.    This Declaration is submitted in support of Defendants' Administrative Motion to File Under Seal Portions of the Parties' Confidential Settlement Agreement ("Motion").

3.    On June 21, 2007, Plaintiff filed this action against Defendants, alleging seven (7) causes of action, including six causes of action pursuant to California state law brought on behalf of Plaintiff only (including failure to pay overtime, provide wage statements, failure to provide meal and rest periods, failure to pay vested vacation pay, waiting time penalties, and unfair business practices), and a claim for alleged violations of FLSA, individually and on behalf of those similarly situated. Plaintiff, an exempt insurance investigator formerly employed by Defendants, alleged that he was misclassified as exempt, and was entitled to overtime under the FLSA and state law, in addition to California Labor Code violations. Defendants denied (and deny) any wrongdoing under the FLSA, or any state statute, and denied that they owe Plaintiff any compensation or associated penalties.

4.    Defendants also denied that the action was suitable for collective treatment. The case was originally pled and, and initially prosecuted, as a collective action on behalf of a relatively small class of 52 individuals, many of them long-time employees of Defendants. I, along with attorneys in my office, interviewed dozens of current and former employees in the same job position as Plaintiff (investigator), who were putative class members in the action. We ultimately gathered 44 declarations from putative class members, whose descriptions of their job duties were consistent with an exempt classification; indeed, some declarants expressed their lack of interest and support for the lawsuit. In addition, not a single individual either opted in to the settlement or, to my knowledge, expressed any interest in it. Thereafter, after extensive discovery and negotiations between the parties (including considerable exchange of documents,

-8-

1  including the declarations gathered by Defendants), counsel for Plaintiffs agreed that the case

2  was not appropriate to pursue as a class or collective action.

3       5.      After counsel for Plaintiffs agreed not to pursue any claims on behalf of a class of

4  employees, we engaged in additional discussions and negotiations regarding the value of

5  Plaintiffs' claims.  Following a series of meetings and teleconferences designed to resolve the

6  dispute if possible, the Parties reached a settlement in this matter.  As part of the settlement, the

7  parties expressly agreed that the settlement would be subject to a  confidentiality provision that

8  would include a liquidated damages provision of $10,000 per violation.

9       6.      The Motion is narrowly tailored as it requests that only the monetary terms be

10  filed under seal.  The remainder of the settlement agreement will remain public, as will the key

11  facts surrounding the settlement, and the nature of the lawsuit will remain open to the public. The

12  Parties have separately filed a Joint Motion for Approval of Settlement Agreement and Dismissal

13  of Lawsuit, and the Parties have not requested that the Joint Motion or any supporting

14  declarations be file under seal.

15      7.      On March 25, 2008, Defendants' counsel conferred with Plaintiff's counsel

16  regarding the filing of this Motion.  Plaintiff takes no position as to the filing of either the entire

17  Settlement Agreement or the monetary terms of the Settlement Agreement under seal, but

18  declined to sign a stipulation.

19      I declare, under penalty of perjury, under the laws of the State of California and the

20  United States that the foregoing is true and correct.  Executed this 11th day of April, 2008 at Los

21  Angeles, California.

22

23                                    /s Michael Gallion
                                      Michael Gallion

24

25

26

27

28

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE PARTIES'
CONFIDENTIAL SETTLEMENT AGREEMENT; DECLARATION OF M. GALLION – CV 07-03260 MMC
LA1 6688725.1 / 24335-000023