1  Kenneth D. Sulzer (SBN 120253) ksulzer@seyfarth.com
   Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
2  Lorraine H. O'Hara (SBN 170153) lohara@seyfarth.com
   Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
3  SEYFARTH SHAW LLP
   2029 Century Park East #3300
4  Los Angeles, CA 90067-3063
   Telephone: (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendants
   UNUM GROUP and UNUM LIFE INSURANCE
7  COMPANY OF AMERICA

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12 | KENNETH SEAMAN, individually and on | ) | Case No. CV 07-03260 MMC |
   | behalf of those similarly situated, | ) | |
13 | | ) | **DEFENDANTS' REQUEST FOR** |
   | Plaintiffs, | ) | **JUDICIAL NOTICE** |
14 | | ) | |
   | v. | ) | (Filed concurrently with Defendants' |
15 | | ) | Administrative Motion to File Under Seal |
   | UNUM GROUP and UNUM LIFE | ) | the Parties' Confidential Settlement |
16 | INSURANCE COMPANY OF AMERICA, | ) | Agreement) |
   | | ) | |
17 | Defendants. | ) | Date:  None |
   | | ) | Time: None |
18 | | ) | Judge:  The Honorable Maxine Chesney |
   | | ) | |
19 | | ) | |

20

21

22

23

24

25    / /

26    / /

27    / /

28    / /

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE – CV 07-03260 MMC

1    Pursuant to Rule 201(b) and (d) of the Federal Rules of Evidence, Defendant Unum

2   Group and Unum Life Insurance Company of America, by and through its attorneys, hereby

3   request that the Court take judicial notice of the following court document:

4    On October 10, 2007, District Court Judge James A. Teilborg of the United States

5   District Court for the District of Arizona, issued an Order in the action *Hand v. Dionex*

6   *Corporation*, Case No. CV 06-1318-PHX-JAT, in which the court granted for "good cause" the

7   parties' Motion to Seal Documents, which included the monetary terms of the parties' settlement

8   agreement.  A true and correct copy of the Order is attached hereto as Exhibit A.  A true and

9   correct copy of the redacted settlement agreement filed in that case is attached hereto as Exhibit

10   B.

11

12

13

14   DATED:  April 11, 2008                Respectfully Submitted,

15                          By   /s Michael L. Gallion
                               Michael L. Gallion
16                             SEYFARTH SHAW LLP
                              Attorneys For Defendants UNUM GROUP and
17                            UNUM LIFE INSURANCE COMPANY OF
                              AMERICA

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE PARTIES'
CONFIDENTIAL SETTLEMENT AGREEMENT; DECLARATION OF MICHAEL
GALLION – CV 07-03260 MMC

LA1 6687407.1 / 24335-000023

# Exhibit A

1  WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8

9  THOMAS HAND, a married man filing
   individually and on behalf of all others
10 similarly situated; SHAHIN ADIBMEHR,          Case No. CV 06-1318-PHX-JAT
   a single man filing individually and on
11 behalf of all others similarly situated;      **ORDER**
   JOSEPH COLE, a single man filing
12 individually and on behalf of all others
   similarly situated; and MELANIE CARTE,
13 a single woman filing individually and on
   behalf of all others similarly situated;
14
                   Plaintiffs,
15
   vs.
16
   DIONEX CORPORATION, a Delaware
17 Corporation;
18                 Defendant.
19

20         The parties have filed under seal a Joint Motion to Seal Documents (Doc. #46).  The

21 parties have reached a settlement and propose to file a Joint Motion to Approve Settlement

22 and Dismiss Lawsuit.  The parties want to attach two exhibits under seal to the proposed

23 settlement.  There is a valid protective order in place in this case (Doc. #39).

24         The courts in this circuit start with a strong presumption in favor of access to court

25 records.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  An

26 exception to that presumption exists, however, for materials attached to nondispositive

1  motions filed under seal pursuant to a valid protective order. *Id.* (citing *Phillips v. Gen.*

2  *Motors*, 307 F.3d 1206, 1213 (9th Cir. 2002). "Good cause" suffices to warrant preserving

3  the secrecy of sealed discovery material attached to nondispostive motions. *Id.* But the

4  presumption of open access is not rebutted where, "documents subject to a protective order

5  are filed under seal as attachments to a dispositive motion." *Id.* at 1136. Under those

6  circumstances, a party must show sufficiently compelling reasons for maintaining the secrecy

7  of the materials. *Id.* at 1135 & 1136 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th

8  Cir. 1995)).

9       Although the parties propose to call the document to which they seek to attach sealed

10  exhibits, "Joint Motion to Approve Settlement and Dismiss Lawsuit," it is not in the nature

11  of a dispositive motion to dismiss. Rather, it is a stipulated dismissal. As such, the Court will

12  apply the "good cause" standard rather than the "compelling reasons" standard. The Court

13  finds the parties have demonstrated good cause for filing the two proposed exhibits under

14  seal.

15       Accordingly,

16       IT IS ORDERED GRANTING the Joint Motion to Seal Documents (Doc. #46). The

17  parties may file the proposed Exhibit A and Exhibit C to their Settlement Agreement under

18  seal.

19       DATED this 10th day of October, 2007.

20

21

22

23  _____
                    James A. Teilborg
24                  United States District Judge

25

26

2

# Exhibit B

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter "Agreement") is made and entered into by and between Defendant Dionex Corporation ("Defendant" or "Dionex") on the one hand and Thomas Hand, Shahin Adibmehr, Joseph Cole, Melanie Carte, Robert Bell, Christopher LaFlamme, Gregory Nichol and Wayne Scott (collectively referred to as "Plaintiffs") on the other hand, and is subject to the terms and conditions hereof and the approval of the Court. Plaintiffs and Defendant are referenced collectively herein as "the Parties."

## RECITALS

A.    WHEREAS, on July 20, 2006, plaintiffs Hand, Shahin, Cole and Carte filed a First Amended Complaint in the United States District Court, Phoenix Division, Case No. CV 06-1318-PHX-JAT, captioned, *Thomas Hand, a married man filing individually and on behalf of all others similarly situated; Shahin Adibmehr, a single man, filing individually and on behalf of all others similarly situated; Joseph Cole, a single man, filing individually and on behalf of all others similarly situated; and Melanie Carte, a single woman, filing individually and on behalf of all others similarly situated, v. Dionex Corporation, a Delaware Corporation,* alleging claims for unpaid overtime and associated penalties, prejudgment interest, compensatory damages, injunctive relief, punitive damages, and attorneys' fees and costs pursuant to the Fair Labor Standards Act ("FLSA"), Arizona Revised Statute 23-350, California Labor Code §§ 200, *et seq.*, § 1194; and California Business & Professions Code § 17200, including a collective action claim under the FLSA on behalf of Dionex Field Service Representatives ("FSRs") for the time period from November 1, 2003 to the present, with the exception of FSRs hired and employed by Dionex exclusively in California from October 1, 2005 through the present (the "Lawsuit");

B.    WHEREAS, pursuant to stipulation between the Parties and the Court's November 8, 2006 and November 22, 2006 Orders, a third party claims administrator (the "Administrator") was selected to notify potential plaintiffs of their right under the FLSA to consent to join as opt-in plaintiffs in the Lawsuit;

C.    WHEREAS, the Administrator sent Court-approved notice to all individuals who were potential FLSA opt-in plaintiffs in the Lawsuit and plaintiffs Robert Bell, Christopher LaFlamme, Gregory Nichol and Wayne Scott were the only potential FLSA opt-in plaintiffs to timely return their opt-in consent forms to the Administrator, which forms were filed by Plaintiffs' counsel on February 7, 2007;

D.    WHEREAS, Defendant denies any liability or wrongdoing of any kind and contends, among other things, that it has complied at all times with the FLSA, Arizona Revised Statute and California Labor Code, and that FSRs at all times qualified for exempt status under federal and state law and are not owed any overtime;

E.    WHEREAS, it is the desire of the Parties to avoid the uncertainties and expense of litigation in this matter and to fully, finally, and forever settle, compromise, and discharge all disputes and claims which exist between them arising from or related to their employment with Defendant, the termination of that employment (if applicable), and the Lawsuit, with the sole exception of (1) Plaintiff Hand's claim for retaliation under the FLSA (Count II of the First Amended Complaint), which Plaintiff Hand and Defendant agree shall be dismissed *without prejudice*; (2) Plaintiff Hand's pending discrimination claim previously filed with the Equal Employment Opportunity Commission ("EEOC") EEOC Charge No. 540-2006-04410 (the "EEOC Charge"); and (3) Plaintiff Hand's claims arising from the termination of his employment *other than* his claims under federal or state law or in the Lawsuit for allegedly owed

1

EXHIBIT "1"

but unpaid wages, overtime or associated taxes, penalties, interest or costs;

**F.    WHEREAS,** in light of the foregoing, the Parties are willing to enter into this Agreement with their rights and obligations as described herein; and

**G.    WHEREAS,** the settlement embodied in this Agreement shall go into effect upon entry and service of the Court's Order approving this Agreement in the form attached hereto as Exhibit B.

## AGREEMENT

**NOW THEREFORE,** in consideration of the mutual covenants, promises, and warranties set forth herein, the Parties agree as follows:

1.    **Payment Of Settlement Amount.**

**a.**    Subject to Court approval and the terms of this Agreement, including the releases to be given hereunder, and the dismissal of the Lawsuit as described herein, Defendant agrees to pay Plaintiffs the total sum described in Exhibit A hereto as the "Settlement Amount," to be allocated as described in Exhibit A.

**b.**    The Settlement Amount represents the total amount to be paid to Plaintiffs in connection with this Agreement and dismissal of the Lawsuit and includes, without limitation, payment to the Plaintiffs for alleged overtime work performed in any day (if applicable) and/or in any workweek at any time between November 1, 2003 through the present, payment of any attorneys' fees and litigation costs, payment of the administrative costs of settlement (including, without limitation, payment to the Administrator for all of its costs and services), and interest.

**c.**    Payment of the Settlement Amount will be made as follows:  (1) the attorneys' fees and costs identified in Exhibit A will be paid on a Form 1099 basis, without any deductions or withholdings, in a lump sum payment by check made payable to counsel for Plaintiffs, Michael R. Pruitt, Jackson & White and (2) the payments made to each of the Plaintiffs will be paid by separate checks in the amounts identified in Exhibit A, with eighty percent (80%) of each amount to be paid on a Form W-2 basis (less applicable deductions and withholdings) (alleged wage-related claims) and twenty percent (20%) of each amount to be paid on a Form 1099 basis (without any deductions or withholdings) (alleged liquidated damages/penalties). Payments (1) and (2), as described in the immediately preceding sentence, will be made within fifteen (15) business days after entry and service on counsel for the Parties of the Court's Order approving this Agreement and dismissing this Lawsuit in the form attached hereto as Exhibit B.    Attached hereto as Exhibit C is a declaration (without exhibits) of Plaintiffs' Counsel regarding the basis for the claimed attorneys' fees and costs in this matter. Defendant's sole payment responsibility in connection with the settlement of the Lawsuit and this Agreement will be delivering the checks described in this paragraph to Jackson & White. Plaintiffs understand and agree that Defendant is neither providing tax nor legal advice, nor making representations regarding tax obligations or consequences, if any, related to payment of the Settlement Amount under this Agreement. Plaintiffs agree to be responsible for the payment of all taxes, penalties and interest due on all amounts paid hereunder that are determined to be wages by any taxing authority (other than the employer's share of employment taxes). Plaintiffs agree to indemnify, reimburse and hold Dionex harmless from all such taxes, penalties and interest. Plaintiffs' Counsel agrees to provide counsel for Defendant with a completed W-9 Form upon execution of this Agreement.

**d.**    Pursuant to the Court's March 28, 2007 Protective Order in this Lawsuit ("Protective Order"), the Parties agree that Exhibit A and Exhibit C shall be deemed confidential

2

"Protected Information" under the Protective Order, and shall be filed under seal with the Court in accordance with the terms of the Protective Order. Exhibit A and Exhibit C and the information contained thereon, shall be held in strict confidence by the Parties and shall not be publicized or disclosed in any manner whatsoever; provided, however, that: (a) Plaintiffs may disclose the terms of Exhibit A and Exhibit C in confidence, to their immediate families; (b) the Parties may disclose the terms of Exhibit A and Exhibit C in confidence, to their respective attorneys, accountants, auditors, tax prepares, and financial advisors; (c) Defendant may disclose the terms of Exhibit A and Exhibit C as necessary to fulfill standard or legally required corporate reporting or disclosure requirements; and (d) the Parties may disclose the terms of Exhibit A and Exhibit C insofar as such disclosure may be necessary to enforce the terms of this Agreement or as otherwise required by law.

### 2. Approval of Agreement And Dismissal of Lawsuit.

**a.** Upon the Parties' full execution of this Agreement and the expiration of any applicable ADEA revocation period under Paragraph 5 below, counsel for the Parties will promptly execute and file with the Court the Joint Motion to Approve Settlement Agreement and to Dismiss Lawsuit (the "Joint Motion"), attached hereto as Exhibit D (without exhibits). The effectiveness of this Agreement as to any of the Parties is conditioned upon all of the Parties fully executing and being bound by it.

**b.** Plaintiffs acknowledge and agree that this Agreement is conditioned upon the Court approving the Agreement and granting dismissal of the Lawsuit as requested in the Joint Motion. Should the Court refuse to approve the Agreement or to grant dismissal as set forth in the Joint Motion for any reason, this Agreement shall be deemed null and void and will be unenforceable and Plaintiffs and Defendant shall be relieved of all obligations imposed by this Agreement.

### 3. General Release of Legal Claims.

Effective upon approval of this Agreement by the Court, Plaintiffs hereby release Defendant and any parent, subsidiary, predecessor, successor and/or affiliate entities of Defendant, and each of their officers, directors, employees, shareholders, agents, assigns and attorneys thereof (collectively referred to herein as "Releasees"), from any and all claims, liabilities and obligations, both known and unknown, that arise out of or are in any way related to events, acts, conduct, or omissions occurring up until and including the date(s), as applicable to each Plaintiff, that each of the Plaintiffs executes this Agreement. This general release includes, but is not limited to, any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, action or causes of action contingent or accrued for, known or unknown, which relate to (1) the classification of Plaintiffs as exempt employees under any federal, state or local law; (2) the nonpayment of or failure to record overtime under any federal, state or local law; (3) the failure to pay penalties under the California Labor Code (including without limitation penalties under Labor Code sections 203, 558 and under Wage Order 4 of the Industrial Welfare Commission) or any state or local law; (4) the failure to grant, pay for or record meal and rest periods under any state or local law; (5) any other claims alleged, or which could have been alleged, arising from allegations concerning time worked, itemized wage statements, or meal and rest break allegations in the Lawsuit, including without limitation to, all claims arising under the FLSA, the Arizona Revised Statute, the Arizona Wage Act, the California Labor Code or Business & Professions Code (including Section 17200), or the Wage Orders of the California Industrial Welfare Commission; (6) claims for restitution and other equitable relief, liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever, retirement, health benefits, stock options, stock deferred compensation benefits, bonuses, commissions, vacation pay, expense reimbursements, severance pay, fringe benefits or any other benefit allegedly owed; (7) claims arising out of or in any way related to

3

Plaintiffs' employment with the Defendant, or the termination of that employment; (8) all claims for breach of contract, wrongful termination, and breach of the implied covenant of good faith and fair dealing;(9) all tort claims, including claims for fraud, defamation, emotional distress, and discharge in violation of public policy; (10) claims arising under California Labor Code § 2699 (Private Attorneys General Act); and (11) all federal, state, and local statutory claims, including claims for discrimination, harassment, retaliation, attorneys' fees, or other claims arising under the federal Civil Rights Act of 1964 (as amended), the federal Americans with Disabilities Act of 1990, the federal Age Discrimination in Employment Act of 1967 (as amended) ("ADEA"), the California Fair Employment and Housing Act (as amended), the Arizona Civil Rights Act and the Arizona Employment Protection Act, provided that Plaintiffs are not releasing any claim that cannot be waived under applicable state or federal law.

### 4.    Exception To General Release Of Legal Claims For Plaintiff Hand.

Plaintiff Thomas Hand agrees to the general release described in Paragraph 3 above *except that* the following claims are exceptions to the general release described in Paragraph 3 and are specifically not released by him: (1) Plaintiff Hand's claim for retaliation under the FLSA (Count II of the First Amended Complaint), which Plaintiff Hand and Defendant agree shall be dismissed *without* prejudice; (2) Plaintiff Hand's pending EEOC Charge; and (3) Plaintiff Hand's claims arising from the termination of his employment *other than* his claims under federal or state law or in the Lawsuit for allegedly owed but unpaid wages, overtime or associated taxes, penalties, interest or costs.

### 5.    ADEA Waiver.

**a.**    Plaintiffs forty (40) years of age and over, with the exception of Plaintiff Hand (who has alleged an age discrimination claim as part of the EEOC Charge), acknowledge that he/she is knowingly and voluntarily waiving and releasing any rights he/she may have under the ADEA ("ADEA Waiver"). He/she also acknowledge that the consideration given for the ADEA Waiver is in addition to anything of value to which he/she was already entitled. He/she further acknowledge that he/she has been advised by this writing, as required by the ADEA, that: **(a)** his/her ADEA Waiver does not apply to any rights or claims that arise after the date he/she signs this Agreement; **(b)** he/she should consult with an attorney prior to signing this Agreement; **(c)** he/she has twenty-one (21) days to consider this Agreement (although he/she may choose to voluntarily sign it sooner); **(d)** he/she has seven (7) days following the date he/she signs this Agreement to revoke the ADEA Waiver; and **(e)** the ADEA Waiver will not become effective until the date upon which the revocation period has expired unexercised, which will be the eighth day after he/she signs this Agreement.

**b.**    Any revocation of the ADEA Waiver must be set forth in writing by each Plaintiff, as applicable, and received by counsel for Defendant, Steven L. Friedlander, Cooley Godward Kronish, LLP, 101 California Street, 5th Floor, San Francisco, California 94111 no later than the close of business (5:00 p.m.) on the seventh day after each Plaintiff who is 40 years of age or older signs this Agreement.

### 6.    Release of Unknown Claims.

**a.**    For the purpose of implementing a full and complete release, except as provided in this Agreement, Plaintiffs expressly acknowledge that the releases given in this Agreement are intended to include, without limitation, claims which they did not know or suspect to exist in their favor at the time they each signed this Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based would materially have affected the settlement of this matter; and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such

4

unknown claims.

     **b.**    Plaintiffs expressly waive any right or benefit available to them in any capacity under the provisions of section California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

     **c.**    Plaintiffs hereby expressly waive and relinquish all rights and benefits under any law of any other jurisdiction of similar effect with respect to their release of any unknown or unsuspected claims.

    **7.**    **Covenant Not to Sue.**

    Upon the Court's approval of this Agreement, Plaintiffs shall be enjoined from filing any actions, claims, complaints, or proceedings regarding the claims released in this Agreement. The foregoing notwithstanding, nothing in this Agreement shall prevent Plaintiffs from filing, cooperating with, or participating in any proceeding before the EEOC, the Department of Labor, the California Department of Fair Employment and Housing, or any other state administrative agency, except that Plaintiffs acknowledge and agree that he or she shall not recover any monetary benefits in connection with any such claim, charge or proceeding with regard to any claim released herein.

    **8.**    **No Disputes Pending.**

    With the exception of the Lawsuit, and as to Plaintiff Hand the EEOC Charge, Plaintiffs represent that they do not currently have pending before any federal, state or local governmental agency any dispute of any kind against any Releasee. Plaintiffs further represent that as of the effective date of this Agreement, they have not suffered any on-the-job or work-related injury or accident, occupational disease or disability, whether temporary or permanent, partial or total while employed by Defendant.

    **9.**    **Representation Regarding Wage Claims.**

    Plaintiffs represent that by receiving the amounts identified in <u>Exhibit A</u> they each will receive consideration in addition to which they were already entitled and that such amounts, in addition to providing separate consideration for their promises stated in this Agreement, provide full payment for all allegedly owed wages and associated penalties through the date of their execution of this Agreement.

    **10.**    **Nonadmission of Liability.**

    Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Each of the Parties hereto has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

11.    **No Prior Assignments.**

The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

12.    **Construction.**

The Parties hereto agree that the terms and conditions of this Agreement are the result of arms length negotiations between the Parties, and consultation with counsel, and that this Agreement shall not be construed in favor of or against any party.

13.    **Captions and Interpretations.**

Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

14.    **Binding on Assigns.**

This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

15.    **Advice of Counsel.**

All Parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing.

16.    **Severability.**

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be part of this Agreement.

17.    **Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of Arizona. Its language shall be construed as a whole, according to its fair meaning and not strictly for or against either party, regardless as to which party may have drafted the language in question. The Court shall retain jurisdiction to enforce the terms of the settlement.

18.    **Reasonable Time for Consideration.**

Plaintiffs acknowledge that they have been provided with a reasonable amount of time within which to consider this Agreement and decide whether to execute this Agreement. Those Plaintiffs forty (40) years and over understand that they have been given twenty-one (21) days to consider this Agreement (although they may choose to voluntarily sign it sooner) and will have seven (7) days following the date they sign this Agreement to revoke the ADEA Waiver.

6

### 19.    Entire Agreement.

All Parties agree that this Agreement is the entire agreement between the Parties. All Parties represent and agree that they are not relying on any representations, promises, statements or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral and/or implied representations, promises or agreements other than said other agreements referred to herein, exist between them regarding the subject matter set forth in this Agreement. All Parties represent and agree that this Agreement is a single, integrated contract expressing the entire agreement between the Parties to this action regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated or otherwise changed unless it is does so pursuant to a written document signed by all Plaintiffs and Defendant.    EACH PARTY HAS HAD A FULL AND COMPLETE OPPORTUNITY TO REVIEW THIS AGREEMENT, EACH PARTY HAS CAREFULLY REVIEWED THIS AGREEMENT, UNDERSTANDS ALL OF ITS PROVISIONS AND FREELY AND VOLUNTARILY ENTERS INTO THIS AGREEMENT.

### 20.    Counterparts.

This Agreement may be executed in one or more counterparts, by facsimile or original signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have duly authorized and caused this Agreement to be executed as follows:

THOMAS HAND

_____

Date: _____

DIONEX CORPORATION

_Craig A. McColl_

Date: _9/12/07_

JUDITH HAND
(As to Paragraph 1c tax indemnification
obligation only)

_____

Date: _____

7

19.    **Entire Agreement.**

All Parties agree that this Agreement is the entire agreement between the Parties. All Parties represent and agree that they are not relying on any representations, promises, statements or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral and/or implied representations, promises or agreements other than said other agreements referred to herein, exist between them regarding the subject matter set forth in this Agreement. All Parties represent and agree that this Agreement is a single, integrated contract expressing the entire agreement between the Parties to this action regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated or otherwise changed unless it is does so pursuant to a written document signed by all Plaintiffs and Defendant. EACH PARTY HAS HAD A FULL AND COMPLETE OPPORTUNITY TO REVIEW THIS AGREEMENT, EACH PARTY HAS CAREFULLY REVIEWED THIS AGREEMENT, UNDERSTANDS ALL OF ITS PROVISIONS AND FREELY AND VOLUNTARILY ENTERS INTO THIS AGREEMENT.

20.    **Counterparts.**

This Agreement may be executed in one or more counterparts, by facsimile or original signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have duly authorized and caused this Agreement to be executed as follows:

THOMAS HAND                                    DIONEX CORPORATION

_____                      _____

Date: _____                        Date: _____


JUDITH HAND
(As to Paragraph 1c tax indemnification
obligation only)

_____

Date: _____

7

SHAHIN ADIBMEHR

Date: 27 Aug 2007

JOSEPH COLE

Date:

MELANIE CARTE

Date:

ROBERT BELL

Date:

8

SHAHIN ADIBMEHR

_____

Date: _____

JOSEPH COLE

_____

Date: _September 7, 2007_

MELANIE CARTE

_____

Date: _____

ROBERT BELL

_____

Date: _____

SHAHIN ADIBMEHR

_____

Date: _____

JOSEPH COLE

_____

Date: _____

MELANIE CARTE

_____

Date: 9/1/07

ROBERT BELL

_____

Date: _____

8

SHAHIN ADIBMEHR

_____

Date: _____


JOSEPH COLE

_____

Date: _____


MELANIE CARTE

_____

Date: _____


ROBERT BELL

_____

Date: 09/01/07 _____

8

CHRISTOPHER LAFLAMME

Date: 8-25-07

COLLEEN LAFLAMME
(As to Paragraph 1c tax indemnification
obligation only)

Date: 8. 25 .07

GREGORY NICHOL

Date:

JOANNA NICHOL
(As to Paragraph 1c tax indemnification
obligation only)

Date:

9

CHRISTOPHER LAFLAMME

_____

Date:_____

COLLEEN LAFLAMME
(As to Paragraph 1c tax indemnification
obligation only)

_____

Date:_____

GREGORY NICHOL

_____

Date:_____8/26/07_____

JOANNA NICHOL
(As to Paragraph 1c tax indemnification
obligation only)

_____

Date:___8/26/07_____

9

WAYNE SCOTT

*Wayne E Scott*

Date: 8-27-2007


DENISE SCOTT
(As to Paragraph 1c tax indemnification
obligation only)

*Denise Scott*

Date: 8-27-07


**APPROVED AS TO FORM**                    **APPROVED AS TO FORM**

*JACKSON & WHITE*                          COOLEY GODWARD KRONISH LLP


By: Michael R. Pruitt                      By: Steven L. Friedlander

Counsel for Plaintiffs                     Attorneys for Defendant
                                           Dionex Corporation

Date: _____                    Date: _____


10

WAYNE SCOTT

_____

Date:_____

DENISE SCOTT
(As to Paragraph 1c tax indemnification
obligation only)

_____

Date:_____

**APPROVED AS TO FORM**

JACKSON & WHITE

By:  Michael R. Pruitt

Counsel for Plaintiffs

Date:  _September 10,2007_

**APPROVED AS TO FORM**

COOLEY GODWARD KRONISH LLP

_____

By:  Steven L. Friedlander
**Attorneys for Defendant
Dionex Corporation**
Date: _____

10

WAYNE SCOTT

_____

Date:_____

DENISE SCOTT
(As to Paragraph 1c tax indemnification
obligation only)

_____

Date:_____

**APPROVED AS TO FORM**

JACKSON & WHITE

_____

By:  Michael R. Pruitt

Counsel for Plaintiffs

Date: _____

**APPROVED AS TO FORM**

COOLEY GODWARD KRONISH LLP

By:  Steven L. Friedlander

Attorneys for Defendant
Dionex Corporation

Date: ____9/13/07____

10